655 F.2d 930
 UNITED STATES of America, Appellee,
v.
Lee LINTON, Appellant.
UNITED STATES of America, Appellee,
v.
Sorkis J. WEBBE, Appellant.
UNITED STATES of America, Appellee,
v.
Fred L. KENNEDY, Appellant.
UNITED STATES of America, Appellee,
v.
Robert C. TINDELL, Appellant.
UNITED STATES of America, Appellee,
v.
ALADDIN HOTEL CORP., Appellant.
UNITED STATES of America, Appellee,
v.
Dennis PIOTROWSKI, Appellant.
UNITED STATES of America, Appellee,
v.
DEL WEBB CORPORATION, Appellant.
UNITED STATES of America, Appellee,
v.
James C. COMER, Appellant.
UNITED STATES of America, Appellee,
v.
Sorkis J. WEBBE, Appellant.
 Nos. 80-1548 to 80-1555 and 80-1564.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 10, 1980.
Decided Dec. 1, 1980.
Rehearing Denied Jan. 20, 1981.
 
 Oscar B. Goodman, Goodman, Oshins, Brown & Singer, Las Vegas, Nev., for Tindell.
 James M. Glover, Shellow & Shellow, Milwaukee, Wis., for Aladdin.
 Samuel S. Lionel, Las Vegas, Nev., for Del Webb.
 Geoffrey A. Anderson, Las Vegas Strike Force, Las Vegas, Nev., for appellee.
 Appeal from the United States District Court for the District of Nevada.
 Before GOODWIN and SCHROEDER, Circuit Judges, and HARDY,* District Judge.
 PER CURIAM.
 
 
 1
 These interlocutory appeals were filed under Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Appellants complain about the conduct of the prosecutor and the use of perjured testimony before the grand jury. This court recently held that motions alleging "grand jury irregularities" are not appealable. United States v. Garner, 632 F.2d 758 (9th Cir. 1980). Appellants have demonstrated no reason to distinguish this case from Garner. Thus, we dismiss these appeals alleging prosecutorial misconduct and the use of perjured testimony before the grand jury for lack of jurisdiction.
 
 
 2
 Moreover, we affirm the district court's dismissal of Tindell's vindictive prosecution claim.[1] The district court did not abuse its discretion in concluding that Tindell did not present sufficient facts to prevail on this issue.
 
 
 3
 The vindictive prosecution appeal in reality is nothing more than the post hoc ergo propter hoc fallacy.[2] The proposition asserted is that any nontarget grand jury witness who claims the privilege against self-incrimination can thereafter never become a target no matter what the ongoing investigation uncovers; this is so preposterous on its face as to require no discussion. This is not a case in which the prosecutor reindicted on a more serious charge after the defendant asserted constitutional rights in the course of an ongoing prosecution. See Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); United States v. Griffin, 617 F.2d 1342 (9th Cir. 1980). There was a total absence of proof in this case that the prosecutor had proceeded against Tindell because he had exercised a constitutional right. In the absence of a strong showing of the causal connection between the exercise of the right and the prosecution, there is no threshold fact to trigger the Griffin[3] inquiry, either in the trial court or upon Abney review in this court.
 
 
 4
 The district court's dismissal of Tindell's vindictive prosecution claim is affirmed. Each of the other appeals is dismissed without prejudice to preserve on appeal from a final judgment any nonfrivolous claim of a denial of due process.
 
 
 
 *
 The Honorable Charles L. Hardy, United States District Judge for the District of Arizona, sitting by designation
 
 
 [1]
 We do not consider appellant Piotrowski's "vindictive prosecution" claim because we find that he did not raise it below and thus we have nothing to review
 
 
 [2]
 The fallacy is that a subsequent event is an effect of a prior event
 
 
 [3]
 United States v. Griffin, 617 F.2d 1342 (9th Cir. 1980)