825 F.2d 1317
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cecilia Jason DEDERICH; Elizabeth A. Missakian,
Defendants-Appellants.
The UNITED STATES of America, Plaintiff-Appellee,
v.
David R. BENJAMIN; Philip C. Bourdette; Miriam R.
Bourdette; Cecilia J. Dederich; Dan L. Garrett,
Jr.; Elizabeth Missakian; Steven
Simon; Dan Sorkin,
Defendants-Appellants.
David R. BENJAMIN, Miriam R. Bourdette, Philip C. Bourdette,
Cecilia Jason Dederich, Dan L. Garrett, Jr.,
Elizabeth A. Missakian, Steven Simon and
Dan Sorkin, Petitioners,
v.
UNITED STATES DISTRICT COURT for the EASTERN DISTRICT OF
CALIFORNIA, Respondent,
United States of America, Real Party in Interest.
Cecilia Jason DEDERICH and Elizabeth Missakian, Petitioners,
v.
UNITED STATES DISTRICT COURT for the EASTERN DISTRICT OF
CALIFORNIA, Respondent,
United States of America, Real Party in Interest.
 Nos. 86-1387, 86-1388, 87-7052 and 87-7055.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 19, 1987.
 
 Guy L. Goodwin, Washington, D.C., for plaintiff-appellee.
 Robert D. Luskin, Washington, D.C., Kenneth W. De Vaney, Fresno, Cal., Thomas J. Nolan, Palo Alto, Cal., Richard Mazer, San Francisco, Cal., Jay W. Powell, Visalia, Cal., Tom Henze, Phoenix, Ariz., Robert N. Harris, Los Angeles, Cal., John L. Williams, San Jose, Cal., and Salvatore Sciandra, Fresno, Cal., for defendants-appellants.
 Appeal from the United States District Court for the Eastern District of California.
 Before CANBY, REINHARDT and THOMPSON, Circuit Judges.
 CANBY, Circuit Judge:
 
 ON MOTIONS TO DISMISS INTERLOCUTORY APPEALS
 CONDITIONAL PETITIONS FOR MANDAMUS
 
 1
 Eight defendants appeal the district court's denial of their motions to dismiss an indictment on grounds of prosecutorial misconduct before the grand jury. Two of the defendants, Dederich and Missakian, also separately appeal the district court's denial of their motion to dismiss the indictment for violation of transactional immunity granted by the Superior Court of California. Each of the appeals is accompanied by an alternative, conditional petition for a writ of mandamus. The government moves to dismiss both interlocutory appeals for lack of jurisdiction. We conclude that the district court's denial of dismissal for prosecutorial misconduct is reviewable prior to final judgment under the collateral order doctrine. We agree with the government, however, that we lack jurisdiction over Dederich and Missakian's separate appeal because those claims will remain reviewable on appeal from any conviction. We deny Dederich's and Missakian's petition for writ of mandamus, and dismiss that of all eight defendants as moot.
 
 FACTS
 
 2
 Following lengthy federal grand jury proceedings, defendants were charged on October 21, 1985, in a 22-count indictment.[1] The indictment grew out of an Internal Revenue Service audit of The Synanon Church, and out of civil litigation between Synanon, the United States, and private parties in California State and District of Columbia courts. Defendants are charged with committing perjury and making false statements to conceal the destruction and alteration of documents and tape recordings pertaining to those proceedings.
 
 
 3
 All defendants moved to dismiss the indictment on the ground that prosecutorial misconduct undermined the independence and impartiality of the grand jury.[2] Defendants alleged that the prosecutor's misconduct before the grand jury included calling witnesses for the sole purpose of repeatedly forcing them to assert their fifth amendment privilege, harassing Synanon-associated witnesses, failing to present evidence that cast doubt on the credibility of witnesses, making derogatory comments about Synanon and the Synanon lifestyle, presenting irrelevant and false, prejudicial evidence, and abusing the grand jury's subpoena authority. The district court examined grand jury transcripts in camera. On December 2, 1986, without holding an evidentiary hearing, the district court denied defendants' motion to dismiss the indictment.[3]
 
 
 4
 Dederich and Missakian were granted transactional immunity by the Los Angeles County Superior Court, to compel them to testify before a state grand jury. In the district court, they moved to dismiss the indictment. Dederich and Missakian alleged that the federal prosecutor, Mr. Guy Goodwin, instigated and controlled the parallel state and federal grand jury investigations into conduct underlying the federal indictment. Dederich and Missakian contended that because Goodwin's involvement in the state investigation established an agency relationship between federal and state prosecutors, due process bound Goodwin to honor the state prosecutors' promise of transactional immunity. The district court determined that Dederich and Missakian failed to establish agency and denied their motion to dismiss on December 2, 1986.
 
 
 5
 Defendants appeal both of the district court's orders, asserting appellate jurisdiction under 28 U.S.C. Sec. 1291. On January 15, 1987, by separate motions, the government moved to dismiss the appeals. We consider the motions and the conditional petitions for mandamus together because they arise from the same prosecution and involve related legal issues.[4]
 
 APPEALABILITY
 I. PROSECUTORIAL MISCONDUCT
 
 6
 The government contends that our decision in United States v. Garner, 632 F.2d 758 (9th Cir.1980), cert. denied, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981), bars interlocutory review of the district court's denial of the motion to dismiss for prosecutorial misconduct.[5] The government further argues that the order is not appealable under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). We disagree.
 
 
 7
 An appealable interlocutory order must meet three requirements under Cohen 's collateral order doctrine:
 
 
 8
 First, it "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the action"; third, it must "be effectively unreviewable on appeal from a final judgment."
 
 
 9
 Flanagan v. United States, 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).
 
 
 10
 The government contends that this appeal is inseparable from the merits of the action, thereby failing the second requirement. In support of its contention, the government relies on the harmless error rule of United States v. Mechanik, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), which "inextricably link[s]" analysis of the grand jury's probable cause determination to the sufficiency of evidence at trial. Government Motion to Dismiss Appeal for Lack of Jurisdiction at 8.
 
 
 11
 It is true that Mechanik requires post-conviction analysis of grand jury irregularities to focus on the petit jury's verdict, 106 S.Ct. at 942-43, and Mechanik is relevant to this appeal, as discussed below. However, prosecutorial misconduct before the grand jury, examined prior to trial for its effect on the indictment, is not truly related to the merits of the criminal trial. For purposes of the collateral order doctrine's second requirement, it is enough that a decision by this court on the present appeal will have no effect on the trial court's determination of guilt or innocence under the present or any superseding indictment.
 
 
 12
 The more critical issue here is whether defendants' present claims will be "effectively unreviewable on appeal from final judgment." Flanagan, 465 U.S. at 265, 104 S.Ct. at 1051 (citations omitted). To determine whether appellants' claims meet this third requirement of the collateral order rule, we must decide whether the claims "are sufficiently aimed at the charging process that they fall within the ambit of Mechanik." United States v. Benjamin, 812 F.2d 548, 553 (9th Cir.1987). Despite the government's contention that our review of prosecutorial misconduct must await appeal from final conviction, we have already determined in Benjamin that similar grand jury irregularities may well be considered harmless and effectively unreviewable after trial under Mechanik. Id. at 551-53; but see United States v. Taylor, 798 F.2d 1337 (10th Cir.1986) (because allegations went beyond issue of probable cause to "fundamental fairness," claims would escape Mechanik 's harmless error analysis in post-conviction appeal).
 
 
 13
 Appellants' prosecutorial misconduct charges essentially go to improper effect on the grand jury's decision to indict. We think, and the government agrees, that Mechanik 's harmless error rule would apply if the claims were reviewed on appeal from final judgment. Benjamin, 812 F.2d at 552-53; Government Motion to Dismiss at 7 n. 2. Other circuits have also concluded that the Supreme Court's language in Mechanik bears broad interpretation. United States v. Hintzman, 806 F.2d 840, 843 (8th Cir.1986); Porter v. Wainwright, 805 F.2d 930, 941-42 (11th Cir.1986); United States v. Thomas, 788 F.2d 1250, 1254 (7th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 187, 93 L.Ed.2d 121 (1987); see United States v. Page, 808 F.2d 723, 726-27 (10th Cir.1987); but cf. Taylor, 798 F.2d at 1339-40.
 
 
 14
 Post-conviction review under Mechanik would lead us to conclude that the petit jury's verdict "wipe[s] out" any prejudice to defendants resulting from the allegedly erroneous charging decisions. Benjamin, 812 F.2d at 553; see Mechanik, 106 S.Ct. at 941-43. Therefore, if we do not permit defendants' appeal at this stage, "[e]rrors that affected the grand jury proceedings to the detriment of the accused, and that would have justified the district court in dismissing the indictment before trial,[6] would go wholly unremedied if the district court itself erred in denying dismissal." 812 F.2d at 853-54 (footnote added). Appellants' prosecutorial misconduct claims consequently meet the third requirement of the collateral order rule.[7]
 
 II. GRANT OF IMMUNITY
 
 15
 Dederich and Missakian argue that this court has jurisdiction over their appeal from the district court's pretrial denial of dismissal based on the state grant of transactional immunity from prosecution.
 
 
 16
 The collateral order exception to the final judgment rule must be applied with "the utmost strictness in criminal cases." Flanagan, 465 U.S. at 265, 104 S.Ct. at 1051. As we recently stated in United States v. Ohnick, 803 F.2d 1485 (9th Cir.1986), "[t]he Cohen principle is limited to an 'asserted right the practical and legal value of which could be destroyed if it were not [immediately] vindicated.' " Id. at 1487 (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981) (in turn quoting United States v. MacDonald, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978))) (brackets in original). Appellants Dederich and Missakian contend that their immunity is such a right.
 
 
 17
 The Supreme Court has permitted a narrow exception to the final judgment rule which allows interlocutory appeals from denials of qualified or absolute immunity to government officials. E.g., Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We reject appellants' contention that the jurisdictional question here is governed by Mitchell and other governmental immunity cases. This case does not implicate the policy behind that narrow exception, which grows from the necessity of government officials to act expeditiously without having to defend themselves from legal actions.
 
 
 18
 Appellants also rely on the Second Circuit's suggestion that a plea agreement barring prosecution protects a defendant not merely from punishment, but from trial itself. United States v. Abbamonte, 759 F.2d 1065, 1070-71 (2d Cir.1985) (upholding interlocutory appeal). This court, however, has taken the opposite position. United States v. Solano, 605 F.2d 1141, 1142-43 (9th Cir.1979) (concluding that court of appeals lacked jurisdiction over interlocutory appeal involving plea-bargain immunity). Indeed, the majority of courts have denied interlocutory appeals grounded in plea-bargain promises or grants of immunity. United States v. Bird, 709 F.2d 388, 392 (5th Cir.1983);[8] United States v. Brizendine, 659 F.2d 215 (D.C.Cir.1981); Solano, 605 F.2d at 1142-43; United States v. Cavin, 553 F.2d 871, 873-74 (4th Cir.1977) (citing Heike v. United States, 217 U.S. 423, 30 S.Ct. 539, 54 L.Ed. 821 (1910)).
 
 
 19
 While Dederich's and Missakian's immunity was not granted pursuant to a plea agreement, we conclude that the same policy considerations govern it. The guarantee afforded by the immunity can be adequately protected by appeal after conviction. Their rights will not be irretrievably lost if interlocutory appeal is denied. Theirs is not an "immunity from suit rather than a mere defense to liability." Mitchell, 472 U.S. at 526, 105 S.Ct. at 2816 (emphasis in original).
 
 CONCLUSION
 
 20
 Since any rights Dederich and Missakian may have to transactional immunity can be vindicated on appeal from final judgment, we lack jurisdiction over their interlocutory appeal. The government's motion to dismiss in No. 86-1387 is granted. Because the district court's denial of dismissal may be reviewed by direct appeal, we also deny Dederich and Missakian's conditional petition for writ of mandamus (No. 87-7055). See, e.g., Schlaugenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Public Utilities Commission v. FERC, 814 F.2d 560, 562 (9th Cir.1987); Bauman v. District Court, 557 F.2d 650, 654 (9th Cir.1977).
 
 
 21
 Our decision in United States v. Benjamin establishes that we have jurisdiction over defendants' appeal based on prosecutorial misconduct before the grand jury. That interlocutory appeal meets the requirements of Cohen. Consequently, the government's motion to dismiss No. 86-1388 is denied.[9]
 
 
 22
 APPEAL NO. 86-1387 DISMISSED.
 
 
 23
 MOTION TO DISMISS APPEAL NO. 86-1388 DENIED.
 
 
 24
 PETITION FOR WRIT OF MANDAMUS NO. 87-7055 DENIED.
 
 
 25
 PETITION FOR WRIT OF MANDAMUS NO. 87-7052 DISMISSED.
 
 DAVID R. THOMPSON, Circuit Judge, dissenting:
 
 26
 This circuit has held that a district court's pre-trial order denying a motion to dismiss an indictment because of grand jury irregularities is not immediately appealable. United States v. Garner, 632 F.2d 758, 765 (9th Cir.1980), cert. denied, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). See United States v. Bendis, 681 F.2d 561, 569 (9th Cir.1981), cert. denied, 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); United States v. Linton, 655 F.2d 930, 932 (9th Cir.1980) (per curiam), cert. denied, 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 301 (1981). In Garner we stated:
 
 
 27
 We are convinced that, especially in the criminal context, the policy against piecemeal appellate adjudication is sound and that the exceptions to the rule should be few. To allow an interlocutory appeal in this instance would create nothing short of chaos in the criminal justice system.
 
 
 28
 Garner, 632 F.2d at 766. Today, however, as they did in United States v. Benjamin, 812 F.2d 548 (9th Cir.1987) ("Benjamin I "), the majority once again permits piecemeal appellate adjudication. In their view, if the defendants are not permitted to appeal at this stage of the case, Mechanik v. United States, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) will prevent any post-conviction appellate review of errors that affected the grand jury proceedings to the defendants' detriment. I do not agree.
 
 
 29
 In Benjamin I, the claimed grand jury irregularity was an alleged violation of Federal Rule of Criminal Procedure 6(e). Benjamin I, 812 F.2d at 550. In moving to obtain disclosure of grand jury transcripts, the government had failed to disclose to the district court that the government's expert consultant, who was a grand jury witness, was a party to a pending civil suit against the defendants. The district court denied a defense motion to dismiss the indictment for the claimed Rule 6(e) violation. The defense appealed the denial of that motion. A majority of a three-judge motions panel of this court denied the government's motion to dismiss the appeal, because according to the majority's reading of Mechanik the claim of error would be unreviewable if it were not raised prior to trial. Id. at 551-52. I dissented in Benjamin I
 
 
 30
 [b]ecause of (1) the strong policy against piecemeal appellate adjudication; (2) the view that Mechanik should be narrowly construed (see United States v. Taylor, 798 F.2d 1337, 1340 (10th Cir.1986) ("Mechanik was carefully crafted along very narrow lines, and it has not resulted in another exception to the final judgment rule.")); and (3) the distinction between a Rule 6(d) violation which affects the grand jury's decision to indict and a Rule 6(e) violation which may contravene the policy of grand jury secrecy....
 
 
 31
 Id. at 556.
 
 
 32
 I dissent in this case for the first two reasons stated in my dissent in Benjamin I. The strong public policy against piecemeal appellate adjudication needs no elaboration. The view that Mechanik should be narrowly construed leads me to conclude that while Mechanik does not apply to the present case, United States v. Taylor, 798 F.2d 1337 (10th Cir.1986) does. In Taylor
 
 
 33
 The defendants moved in the district court for dismissal of a multicount mail fraud indictment on several grounds: (1) invasion of the defense camp by the prosecution in violation of the attorney-client privilege and defendants' Sixth Amendment rights; (2) abuse of the grand jury through prosecutorial misconduct in the form of the prosecution's failure to present exculpatory evidence and its biasing of the grand jury with inadmissible, inflammatory, and prejudicial evidence; and (3) improper utilization of state officers in the grand jury investigation.
 
 
 34
 Taylor, 798 F.2d at 1338.
 
 
 35
 The district court in Taylor denied a defense motion to dismiss. The defense appealed. The government moved to dismiss the appeal, contending that the district court's order was not immediately appealable because it did not fall within the collateral order exception created by Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Tenth Circuit stated: "The dispositive issue presented for review is whether the order has been made appealable by [Mechanik ]." Taylor, 798 F.2d at 1338. The court held it had not and distinguished Mechanik:
 
 
 36
 In Mechanik, no allegations were made that the government attempted to unfairly sway the grand jury or to otherwise affect the fairness of the accusatory process. There was no alleged pervasive attempt to charge without cause or to undermine the defense. In short, there was no question whether the government had transgressed the defendants' rights to fundamental fairness. The error of which the prosecution was guilty, at worst, was technical, and, at most, could have affected only the grand jury's determination of probable cause. Since the error was not discovered until after the trial began, the trial was more than three months in duration, and the outcome effectively eliminated any question of whether there was probable cause, the Court found the error was harmless.
 
 
 37
 The Supreme Court in Mechanik did not hold that a Rule 6 violation of any sort of any other act which affects the fundamental fairness of the criminal proceedings discovered prior to trial is not justiciable after conviction. That is a critical distinction.
 
 
 38
 The issues raised by the defendants are not of the technical variety. They are asserting that their right to fundamental fairness has been adversely affected by the various acts of which they complain. A petit jury determination of guilt will not moot these issues because they go beyond the question of whether the grand jury had sufficient evidence upon which to return an indictment. Accordingly, to the extent they have been properly preserved, these issues can be raised upon appeal if the defendants are convicted. See, e.g., United States v. Hinton, 543 F.2d 1002 (2d Cir.), cert. denied, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976). We see no justification for abandonment of the long-standing principle that disfavors piecemeal appeals; therefore, this appeal must be dismissed. United States v. Hollywood Motor Car Co., 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982).
 
 
 39
 Taylor, 798 F.2d at 1340 (footnote omitted).
 
 
 40
 The claims made by the defendants in the present case resemble the claims made in Taylor.[1] As in Taylor, the issues raised by the defendants in this case "are not of the technical variety. They are asserting that their right to fundamental fairness has been adversely affected by the various acts of which they complain. A petit jury determination of guilt will not moot these issues because they go beyond the question of whether the grand jury had sufficient evidence upon which to return an indictment." Id.
 
 
 41
 I would grant the government's motion to dismiss the appeals because I do not believe Mechanik compels the conclusion reached by the majority. I would deny the petitions for writs of mandamus due to the absence of any Bauman factors. See Bauman v. United States, 557 F.2d 650 (9th Cir.1977).
 
 
 42
 I concur in the grant of the government's motion to dismiss the Dederich and Missakian appeal in No. 86-1387, and to deny Dederich and Missakian's conditional petition for writ of mandamus (No. 87-7055).
 
 
 
 [1]
 Defendants were indicted for conspiracy, concealment of material facts, obstruction of justice, and perjury
 
 
 [2]
 Defendants also requested a hearing and renewed their previous motion for disclosure of grand jury transcripts
 
 
 [3]
 The government conceded, however, that one defendant might have been called before the grand jury for an improper purpose. That defendant is not a party to this appeal
 
 
 [4]
 This motions panel previously ruled on appealability of two earlier pretrial orders in this prosecution. We first determined that we lacked jurisdiction to review the denial of a motion to dismiss several indictment counts on the basis of the statute of limitations. Nos. 86-1307 & 86-7684. Later, in United States v. Benjamin, 812 F.2d 548 (9th Cir.1987), we determined that jurisdiction existed under the collateral order doctrine to review the district court's denial of defendants' motion to dismiss the indictment for violation of Fed.R.Crim.P. 6(e) (prohibiting disclosure of grand jury materials)
 
 
 [5]
 The government also relies on United States v. Linton, 655 F.2d 930 (9th Cir.1980), a brief per curiam decision which relied solely on the authority of Garner for its result
 
 
 [6]
 We have upheld dismissal of indictments based on cumulative prosecutorial errors and indiscretions before the grand jury. E.g., United States v. Samango, 607 F.2d 877, 884-85 (9th Cir.1979); see also United States v. Basurto, 497 F.2d 781 (9th Cir.1974). However, "[a] defendant who challenges the indictment ... bears a heavy burden to demonstrate that the prosecutor engaged in flagrant misconduct deceiving the grand jury or significantly impairing its exercise of independent, unbiased judgment." United States v. Venegas, 800 F.2d 868, 869-70 (9th Cir.1986) (citations omitted)
 
 
 [7]
 The result we reach today and our prior decision in Benjamin are consistent with Garner, 632 F.2d at 765-66. In fact, Benjamin relied on Garner 's analysis. Benjamin, 812 F.2d at 551. The Benjamin decision also addressed Garner 's concern for the disruptive effect of interlocutory appeals on the criminal justice system. Id. at 553
 
 
 [8]
 The promise of "nonprosecution" in Bird bears some similarity to the California statute under which immunity was conferred on Dederich and Missakian. See Cal.Pen.Code Sec. 1324. The Bird court concluded that the promise was one of immunity from punishment, not immunity from any prosecution. Bird, 709 F.2d at 392. See also United States v. Eggert, 624 F.2d 973 (10th Cir.1980) (per curiam)
 
 
 [9]
 We of course express no opinion on the outcome of appellants' claims, which will be considered by a merits panel of this court. A briefing schedule will be established by separate order. Our denial of the government's motion to dismiss renders superfluous the defendants' conditional petition for writ of mandamus (No. 87-7052). It is dismissed as moot
 
 
 [1]
 In the present case, the "[d]efendants alleged that the prosecutor's misconduct before the grand jury included calling witnesses for the sole purpose of repeatedly forcing them to assert their fifth amendment privilege, harassing Synanon-associated witnesses, failing to present evidence that cast doubt on the credibility of witnesses, making derogatory comments about Synanon and the Synanon lifestyle, presenting irrelevant and false, prejudicial evidence, and abusing the grand jury's subpoena authority." (Majority opinion at 1319