**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Benjamin Barry KRAMER, Melvyn Kessler, Samuel Gilbert, Charles Victor Podesta, Defendants,**

**Jack Jerome Kramer, Michael Gilbert, Defendants–Appellants.**

Nos. 88–5340, 88–5714
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 20, 1988.

Michael S. Pasano, Coral Gables, Fla., for Michael Gilbert.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Sonia Escobio O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Lawrence N. Rosen, Miami, Fla., for Jack Kramer.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

By the Court:

Defendants were charged in an indictment with numerous RICO violations, Travel Act violations and conspiracy to defraud the Internal Revenue Service. They seek to bring this interlocutory appeal from the district court's denial of their motion to quash subpoenas duces tecum issued by the Assistant United States Attorney in charge of their prosecution. Because the order from which defendants appeal is not appealable, we dismiss the appeal for lack of jurisdiction.[1]

Appellants were indicted on November 24, 1987. On January 21, 1988 and March 3, 1988, Assistant United States Attorney Daniel Cassidy issued subpoenas to the Continental Coin Corporation requiring the production of documents to a federal grand jury in Miami. Mr. Cassidy was also prosecuting the case against defendants. Attached to both subpoenas was a letter which stated:

> You are not to disclose the existence of this subpoena or the fact of your compliance for a period of 90 days from the date of the subpoena. Any such disclosure could seriously impede the investigation being conducted and, thereby, interfere with the enforcement of the federal criminal law.

The subpoenas relate directly to the charges pending against defendants.

On March 29, 1988, defendants moved to quash the subpoenas, arguing that the nondisclosure letters might interfere with their efforts to interview witnesses in preparation for trial. Mr. Cassidy acknowledged at the hearing on this motion that it was the routine practice of the United States Attorney's Office for the Southern District of Florida to attach nondisclosure letters, but claimed that the letters in this instance were not intended to prevent witnesses from talking to counsel for defendants. The district court denied the motion, indicating that if circumstances warranted, it would advise witnesses that they were free to engage in discussion with defense counsel.

Defendants contend that an interlocutory appeal from the order denying their motion to quash should be allowed under the rule of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). An appealable interlocutory order must meet

---

1. Defendant Kramer alternatively filed a petition for mandamus and prohibition, which petition is denied.

three requirements under *Cohen*'s collateral order doctrine:

> First, it 'must conclusively determine the disputed question'; second, it must 'resolve an important issue completely separate from the merits of the action'; third, it must 'be effectively unreviewable on appeal from a final judgment.'

*Flanagan v. United States,* 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). The government argues, and we agree, that the district court's order did not conclusively determine the disputed question because it was subject to constant review by the court which would modify it if circumstances warranted.

■ Defendants further contend that effective post-conviction review is precluded by the United States Supreme Court's decision in *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). In that case, defendants learned at trial that two witnesses testified in tandem before the grand jury in violation of Fed.R. Crim.P. 6(d). The Supreme Court reversed the decision of the fourth circuit overturning the convictions, holding that any error in the grand jury's decision to charge was rendered harmless by the petit jury's return of guilty verdicts. Thus, defendants here assert that the denial of their motion to quash will be effectively unreviewable on appeal because any grand jury abuse will be characterized as harmless after conviction.

We decline to adopt such a broad reading of *Mechanik.* The abuse alleged here differs from the rather technical violation at issue in that case. As a result, "the balancing of the societal costs of retrial against the societal interest in deterring the type of abuses alleged here may be different, and, conceivably, *Mechanik* may not foreclose relief after a judgment of conviction." *United States v. LaRouche Campaign,* 829 F.2d 250, 253 (1st Cir. 1987); *see United States v. Taylor,* 798 F.2d 1337, 1340 (10th Cir.1986) (denial of motion to dismiss indictment is not immediately appealable because *Mechanik* does not preclude post-conviction relief where defendants allege violation affecting fundamental fairness); *but see United States v. Benjamin,* 812 F.2d 548, 552 (9th Cir.1987) (interlocutory appeal appropriate because *Mechanik* precludes effective review of prosecutorial misconduct before grand jury); *United States v. Dederich,* 825 F.2d 1317 (9th Cir.1987) (following *Benjamin* ).

We thus conclude that *Mechanik* does not preclude relief for the type of prosecutorial abuse alleged in this case and accordingly dismiss the appeal for lack of jurisdiction. We do not, however, mean to condone this sort of prosecutorial misconduct. Intentional violations of Fed.R.Crim.P. 6(e) are punishable by contempt. Prosecutorial abuse also may be the basis of independent disciplinary action. Furthermore, upon a showing of prejudice, proof of such allegations may result in the reversal of convictions.

The appeal is

DISMISSED.