UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Ernesto MORENO–GREEN, Joaquin Arturo Contreras, Oscar Lara Navarrete, Jose Ignacio Acosta–Medina, and Alejo Hernandez Dominguez, Defendants–Appellants.

Nos. 88–1387, 88–1388, 88–1390 to 88–1392.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 26, 1989.

Decided Aug. 1, 1989.

Walter B. Nash III, Law Office of Walter B. Nash, Tucson, Ariz., for defendants-appellants.

Gary Clifford Korn, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before WALLACE, ALARCON and NORRIS, Circuit Judges.

PER CURIAM:

The government moves to dismiss these interlocutory criminal appeals for lack of jurisdiction based on the Supreme Court's decision in *Midland Asphalt Corp. v. United States*, — U.S. —, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). We grant the motion and dismiss the appeals.

## I. BACKGROUND

On February 10, 1988, a federal grand jury in Arizona returned an indictment against Jose Ernesto Moreno–Green, Joaquin Arturo Contreras, Oscar Lara Navarrete, Jose Ignacio Acosta–Medina, and Alejo Hernandez–Dominguez. The defendants were charged with possession of marijuana with intent to distribute. On August 17, 1988, the defendants moved to dismiss the indictment alleging prosecutorial misconduct before the grand jury. The district court denied the motion and the defendants filed timely notices of appeal.

## II. ANALYSIS

A. *Basis for Interlocutory Jurisdiction*

Defendants do not state the basis for our jurisdiction over the interlocutory appeals. If defendants base jurisdiction on our recently vacated decision in *United States v. Benjamin*, 812 F.2d 548 (9th Cir.1987), *vacated*, — U.S. —, 109 S.Ct. 1948, 104 L.Ed.2d 418 (1989), then we clearly lack jurisdiction. *See Midland Asphalt*, 109 S.Ct. at 1498. If, as it appears, defendants rely on our related decision in *United States v. Dederich*, 825 F.2d 1317 (9th Cir. 1987), then we must decide whether *Dederich* is still valid law after *Midland Asphalt*. We must first determine, therefore, if defendants' allegations fall within *Dederich*.

▆ In *Dederich*, we held that alleged prosecutorial misconduct that merely af-

fects the grand jury charging process is reviewable on interlocutory appeals. *Id.* at 1320; *see also United States v. Howard*, 867 F.2d 548, 550 (9th Cir.1989). Alleged errors "rais[ing] issues of fundamental fairness that implicate substantial rights protected by the due process clause" may not be reviewed under *Dederich*. *Howard*, 867 F.2d at 550. Such errors must be appealed after trial. *Id.*

In this case, the defendants contend the indictment should be dismissed because: (1) the government failed to present to the grand jury exculpatory information concerning the credibility of an informant witness; (2) the government improperly presented to the grand jury evidence of a gun found in one of the defendant's residence; (3) the government improperly informed the grand jury that all of the defendants had invoked their right to counsel; (4) the government improperly informed the grand jury that all the defendants had made "relatively high bonds"; (5) the prosecutor improperly acted as a witness before the grand jury; (6) a grand jury witness improperly expressed an opinion; and (7) the government's procedure in presenting the case to the grand jury raised a claim of vindictive indictment.

▆ The defendants' sixth claim does not allege prosecutorial misconduct and hence is not immediately appealable under *Dederich*. Similarly, their final claim alleging vindictive prosecution, is not subject to interlocutory appeal because the defendant may raise the claim on appeal from final judgment. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 264, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982) (per curiam); *see also Howard*, 867 F.2d at 551–52.

Defendants' first five claims allege prosecutorial misconduct affecting the grand jury charging process. These claims do not challenge the fundamental fairness of the criminal prosecution. Instead, they merely challenge the procedures by which the grand jury decided to indict defendants. Accordingly, the defendants' first five claims support valid *Dederich* appeals. *See Dederich*, 825 F.2d at 1320; *see also*

*Howard,* 867 F.2d at 552. Thus, we next consider whether we have jurisdiction over these appeals in light of the Supreme Court decision in *Midland Asphalt.*

## B. *Effect of Midland on Dederich Appeals*

In *United States v. Benjamin,* 812 F.2d 548 (9th Cir.1987), this court held the denial of a motion to dismiss an indictment based on a violation of Fed.R.Crim.P. 6(e)(2), relating to the secrecy of grand jury proceedings, is reviewable before final judgment under the collateral order doctrine. *Dederich* extended the *Benjamin* analysis to allegations of prosecutorial misconduct affecting the grand jury charging process. *Dederich,* 825 F.2d at 1320.

In *Midland Asphalt Corp. v. United States,* —— U.S. ——, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 874 (1989), the Supreme Court expressly rejected the reasoning of *Benjamin. United States v. Benjamin,* —— U.S. ——, 109 S.Ct. 1948, 104 L.Ed.2d 418 (1989) (vacating circuit court opinion). The Court held that an order denying a motion to dismiss an indictment for an alleged Rule 6(e) violation was not immediately appealable under the collateral order doctrine. *Id.* The Court did not discuss interlocutory appeals based on prosecutorial misconduct. Nevertheless, this court has decided that we lack jurisdiction to entertain an appeal of a district court order denying a motion to dismiss an indictment based on alleged prosecutorial misconduct. *United States v. Shah,* 878 F.2d 272, 275 (9th Cir.1989). Our analysis of *Midland* further supports this conclusion.

In both *Benjamin* and *Dederich,* we noted that under the harmless error rule of *Mechanik v. United States,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), a defendant may not challenge the propriety of the grand jury's charging process once the petit jury renders a guilty verdict. *Dederich,* 825 F.2d at 1320; *Benjamin,* 812 F.2d at 551–53. In *Mechanik,* the Supreme Court held that an alleged violation of Fed.R. Crim.P. 6(d) was rendered harmless by a petit jury's verdict. *Mechanik* only addressed an alleged violation of Rule 6(d),

which limits the number of witnesses who may be present in a grand jury session. The Court did not expressly decide whether the harmless error rule applies to other grand jury errors such as a violation of the secrecy provisions or an allegation of prosecutorial misconduct. Nevertheless, both *Benjamin* and *Dederich* assumed that the harmless error rule extends beyond Rule 6(d) violations. *See Dederich,* 825 F.2d at 1320; *Benjamin,* 812 F.2d at 553.

In *Midland,* the Supreme Court did not decide whether this court's broad interpretation of the *Mechanik* harmless error rule was correct. Instead, the Court held that, regardless of the scope of *Mechanik,* an appeal from a denial of a motion to dismiss an indictment based on a violation of the Rule 6(e) secrecy provision does not satisfy the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Midland,* 109 S.Ct. at 1498. Under *Cohen,* an appellate court may review a "collateral order" before final judgment if the order: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from the final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

The Court reasoned that if the *Mechanik* harmless error rule does not extend beyond violations of Rule 6(d), then a defendant can raise an alleged Rule 6(e) violation on appeal from the conviction. Hence, such a violation is not "effectively unreviewable on appeal from a final judgment." *Midland,* 109 S.Ct. at 1498, *citing Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2457. If, on the other hand, *Mechanik* does apply to Rule 6(e) violations, "it will be because the purpose of that Rule is the same as the purpose of Rule 6(d), namely to 'protec[t] against the danger that a defendant will be required to defend against a charge for which there is no probable cause to believe him guilty.'" *Id., citing Mechanik,* 475 U.S. at 70, 106 S.Ct. at 941. In such case, the Court stated, the order denying a mo-

tion to dismiss for a Rule 6(d) violation does not " 'resolve an important issue completely separate from the merits of the action.' " *Id., quoting Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2457.

The Court cautioned that the collateral order doctrine should be interpreted " 'with the utmost strictness' in criminal cases." *Id., quoting Flanagan v. United States,* 465 U.S. 259, 263, 104 S.Ct. 1051, 1053, 79 L.Ed.2d 288 (1984). The Court held, therefore, that the denial of a motion to dismiss based on a Rule 6(e) violation does not satisfy the " 'stringent conditions for qualification' " as an interlocutory appeal. *Id., quoting Flanagan,* 465 at 270, 104 S.Ct. at 1057.

The petitioners in *Midland* attempted to avoid the Court's conclusion by suggesting that the right to secret grand jury proceedings implicates not merely the right not to be convicted, but also the right not to be tried. They argued that even if an order denying a motion to dismiss an indictment based on a Rule 6(e) violation is theoretically reviewable after conviction, it is "effectively unreviewable" under the *Coopers & Lybrand* test. *See Midland,* 109 S.Ct. at 1498.

The Court rejected this argument, holding that although the grand jury clause of the fifth amendment confers a right not to be tried when there is no grand jury indictment, not every violation relating to grand jury proceedings gives rise to the right not to be tried. *Id.* at 1499. The Court concluded that a breach of the secrecy provision of Rule 6(e) is not a sufficiently fundamental defect as to implicate the right not to be tried. *Id.*

■ *Midland Asphalt's* analysis applies equally to *Dederich* appeals. A claim alleging prosecutorial misconduct in the grand jury charging process is similar to a claim alleging a violation of Rule 6. Both may result in the improvident return of a grand jury indictment. Based on the Supreme Court's analysis in *Midland,* we now find that a claim of prosecutorial misconduct, like a Rule 6 claim, does not satisfy the collateral order doctrine.

If the *Mechanik* harmless error does not extend to allegations of prosecutorial misconduct in the grand jury charging process, defendants may raise such a claim after the petit jury renders a guilty verdict. In that case, a *Dederich* appeal does not meet the third requirement of the collateral order doctrine because the claim is not effectively unreviewable on appeal from the final judgment. *Midland Asphalt,* 109 S.Ct. at 1498; *see also Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2457.

Similarly, if *Mechanik* does preclude review of prosecutorial misconduct claims after conviction, a *Dederich* appeal does not satisfy the second requirement of the collateral order doctrine—that the ·appeal must resolve an important issue completely separate from the merits of the action. *See Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 24. The purpose of protecting a defendant against prosecutorial misconduct in the charging process is the same as the purpose of protecting against Rule 6(d) violations, namely to ward against the danger "that a defendant will be required to defend against a charge for which there is no probable cause to believe him guilty." *Mechanik,* 475 U.S. at 70, 106 S.Ct. at 941. As the Supreme Court stated in *Midland,* if this is the source of the claim, the order denying the motion to dismiss the indictment does not " 'resolve an important issue completely separate from the merits of the action' ... but rather involve[s] considerations enmeshed in the merits of the dispute." *Midland,* 109 S.Ct. at 1498, 7 L.Ed.2d 614, *quoting Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2457; and *DiBella v. United States,* 369 U.S. 121, 126, 82 S.Ct. 654, 656 (1962).

■ Because interlocutory appeals are particularly disruptive in criminal proceedings, a court should apply the collateral order doctrine with "utmost strictness" in criminal cases. *See Midland,* 109 S.Ct. at 1498. In light of the similarities between *Dederich* and *Benjamin* appeals, we see no reason to apply the collateral order doctrine any more broadly to *Dederich* appeals than to *Benjamin* appeals.

The defendants in this case, as did the petitioners in *Midland,* attempt to avoid

this reasoning by arguing that their claims implicate the right not to be tried. Their argument is unpersuasive.

The *Midland* Court acknowledged that the Grand Jury Clause of the Fifth Amendment confers a right not to be tried where there is no grand jury indictment. The Court stressed, however, that not every violation of the grand jury process gives rise to such a right. Only a defect "so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." *Id.* at 1499.

There may be some errors relating to the grand jury charging process which are so fundamental as to cause a grand jury no longer to be a grand jury. Nevertheless, the defendants in this case do not allege such errors. Essentially, they contend that the government failed to present some evidence and improperly presented other evidence to the grand jury. Such alleged errors are not so fundamental as to give rise to the right not to be tried. *Id.* Accordingly, we hold that we lack jurisdiction over these appeals.

APPEALS DISMISSED