**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arnold SHERLOCK,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Benjamin CHARLEY,**
**Defendant–Appellant.**

**Nos. 88–1213, 88–1214.**

United States Court of Appeals,
Ninth Circuit.

Argued April 13, 1989.

Submitted July 14, 1989.

Decided Oct. 20, 1989.

Thomas M. Hoidal, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant Arnold Sherlock.

Bruce Feder, Phoenix, Ariz., for defendant-appellant Benjamin Charley.

Thomas M. Connelly, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before CHOY, WIGGINS and KOZINSKI, Circuit Judges.

CHOY, Circuit Judge:

Defendants Arnold Sherlock and Benjamin Charley filed this interlocutory appeal from the district court's order denying their motion to dismiss their indictments on the basis of prosecutorial misconduct. We lack jurisdiction to hear this interlocutory appeal.

## STATEMENT OF THE CASE

On August 26, 1987, a federal grand jury returned an indictment against Arnold Sherlock charging him with rape and statutory rape. The grand jury returned an indictment against Benjamin Charley charging him with rape, statutory rape, and assault with the intent to commit rape. On October 16, 1987, the defendants made a motion to have the indictments dismissed. The defendants alleged prosecutorial misconduct before the grand jury, claiming that the government's witness, the police investigator, had intentionally misstated several pieces of evidence and had failed to present exculpating evidence.

After conducting an evidentiary hearing, the district court denied the defendant's motion to dismiss the indictment. The court found that the grand jury had not been misled by the witness's testimony. This appeal was timely filed.

## DISCUSSION

When the defendants filed this appeal, they premised jurisdiction on *United States v. Dederich*, 825 F.2d 1317 (9th Cir. 1987). *Dederich* held that we may review an interlocutory appeal from the denial of a motion to dismiss an indictment when the motion is grounded on prosecutorial misconduct which affected the grand jury charging process. *Dederich* relied on the harmless error rule articulated in *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). *Mechanik* held that errors in the grand jury's charging process based on a violation of Fed.R. Crim.P. 6(d), which prohibits the presence of anyone other than the prosecutor, witness, and grand jury panel during grand jury testimony, are rendered harmless by a subsequent guilty verdict. In *United States v. Benjamin*, 812 F.2d 548 (9th Cir. 1987), *vacated,* ── U.S. ──, 109 S.Ct. 1948, 104 L.Ed.2d 418 (1989), this court reasoned that because *Mechanik*'s harmless error rule makes technical errors in the grand jury process "effectively unreviewable" after a conviction, allegations of such errors are reviewable on interlocutory appeal. *Benjamin*, 812 F.2d at 552. In

*Dederich*, we held that allegations that prosecutorial misconduct caused error in the charging process are also subject to interlocutory review. *Dederich*, 825 F.2d at 1320.

In *Midland Asphalt Corp. v. United States*, the Supreme Court rejected the reasoning of *Benjamin* and *Dederich*. *Midland Asphalt*, ── U.S. ──, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879. In *United States v. Moreno–Green* this court held that *Midland Asphalt* overrules *Dederich*. *United States v. Moreno–Green*, 881 F.2d 680, 683 (9th Cir.1989). Therefore, to the extent that Sherlock and Charley rely on *Dederich* to argue that we have jurisdiction over their appeals, their argument fails.

Sherlock and Charley argue that their appeal is not foreclosed by *Midland Asphalt* because, unlike in *Dederich* and *Benjamin*, they allege defects that implicate their right to due process under the Fifth Amendment. They contend, therefore, that their claims implicate the right not to be tried at all. This argument is unpersuasive.

■ *Midland Asphalt* held that the defendant may seek interlocutory review only when the defendant's claim implicates a right to be free from trial. Not every error in the grand jury process implicates this right. Only a "defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." *Id.* 109 S.Ct. at 1499–1500.

■ Since *Midland Asphalt* was decided, this court has had several opportunities to decide whether allegations of prosecutorial misconduct implicate the right not to be tried, determining that allegations that the prosecution laid a perjury trap, *United States v. Taylor*, 881 F.2d 840, 88–1351, slip op. 9399, 9407 (August 11, 1989), and allegations that the government violated the defendant's right against self-incrimination, *United States v. Shah*, 878 F.2d 272, 275 (9th Cir.1989), do not give rise to a right not to be tried as defined in *Midland Asphalt*. In *Moreno–Green*, we deter-

mined that claims that the prosecutor failed to present exculpatory evidence about the credibility of a witness and presented illegally obtained evidence are insufficient to give rise to the right not to be tried. *Moreno–Green*, 881 F.2d at 684. The court stated:

> There may be some errors relating to the grand jury charging process which are so fundamental as to cause a grand jury no longer to be a grand jury. Nevertheless, the defendants in this case do not allege such errors. Essentially, they contend that the government failed to present some evidence and improperly presented other evidence to the grand jury. Such alleged errors are not so fundamental as to give rise to the right not to be tried.

*Id.* at 684. Thus, under *Moreno–Green*, the defendants' allegation that the prosecution failed to present exculpatory evidence fails to warrant interlocutory review. Nor do the defendants' allegations that the witness misstated some evidence implicate their constitutional right not to be tried. Even if the misstatements were intentional, they do not constitute error so fundamental that they caused the allegedly defective indictment to no longer be an indictment, giving the defendants the "right not to be tried" as defined in *Midland Asphalt*. Accordingly, we lack jurisdiction to hear this interlocutory appeal.

APPEAL DISMISSED.