**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph ALMANY, d/b/a J.A. Imports Distributors, Encino, California, Defendant–Appellant.**

No. 88–1235.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 1989.

Decided April 18, 1989.

William Maddox, U.S. Atty., Las Vegas, Nev., Sara Criscitelli, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

C. Stanley Hunterton, Hunterton & Naylor, P.C., Las Vegas, Nev., for defendant-appellant.

Before CHOY, SNEED and NOONAN, Jr., Circuit Judges.

SNEED, Circuit Judge:

Almany appeals from the district court's order denying his motion to (1) refer this

case to the Patent & Trademark Office (PTO) under the doctrine of primary jurisdiction and (2) discover certain grand jury transcripts. We dismiss the appeal.

## I.

### FACTS AND PROCEEDINGS BELOW

Almany is charged in a five count indictment with conspiracy to traffic in counterfeit goods and with trafficking in counterfeit goods. *See* 18 U.S.C. §§ 371, 2320 (1982 & Supp. IV 1986). Almany and his wife own J.A. Imports Distributors (JA Imports). FBI agents allegedly ordered counterfeit Rolex watches from Almany. Agents executed a search warrant at JA Imports and discovered several hundred watches with Rolex, Piaget, Cartier, and Gucci trademarks.

Almany filed a motion to dismiss the indictment on the ground that the PTO has primary jurisdiction over this case. The district court denied the motion. Almany next filed a motion for discovery of certain grand jury transcripts. He argued that the government had an obligation to inform the grand jury of certain Lanham Act defenses and that the transcripts were necessary to determine whether the government complied with this duty. The district court also denied this motion.

## II.

### JURISDICTION

Our jurisdiction to entertain appeals from these denials is challenged. The United States asserts that we lack jurisdiction. Almany, on the other hand, contends that both decisions by the district court are appealable collateral orders. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be classified as an appealable collateral order "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).

■ We hold that the motion to dismiss this proceeding and refer the case to the PTO is not an appealable collateral order. This issue will not become unreviewable if Almany is convicted. This court on other occasions has addressed the primary jurisdiction question after judgment on the merits. *See, e.g., Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 778 F.2d 1365, 1370–71 (9th Cir.1985) (holding that the district court did not err in refusing to stay proceedings pending referral to ICC); *United States v. Yellow Freight Sys., Inc.*, 762 F.2d 737, 740–41 (9th Cir.1985) (reversing district court's refusal to stay proceedings pending referral to ICC).

■ Almany argues that this PTO issue appeal is an *Abney* appeal. *See Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977) (holding a district court's denial of motion to dismiss the indictment on double jeopardy grounds was an appealable collateral order). He says that if this court refuses to address this issue now he may be forced to undergo an unnecessary trial. *Abney* was based on considerations unique to the Double Jeopardy Clause. *See id.* at 661, 97 S.Ct. at 2041. The purpose of the primary jurisdiction doctrine is quite different. It is to "promot[e] proper relationships between the courts and administrative agencies charged with particular regulatory duties." *United States v. Western Pac. R.R.*, 352 U.S. 59, 63, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). It, unlike the Double Jeopardy Clause, is not designed to protect a party from being haled into court. *See Abney*, 431 U.S. at 661, 97 S.Ct. at 2041. ("[T]he guarantee against double jeopardy assures an individual that ... he will not be forced ... to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense."). Courts have consistently refused to apply *Abney* beyond this context. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3918, at 421 (Supp.1988). We decline to do so here.

■ We also lack jurisdiction to review Almany's second and third grounds of error, in which he contends that the district court erred in refusing to allow him to

discover certain grand jury transcripts. After this case was submitted, the Supreme Court issued its opinion in *Midland Asphalt v. United States,* —— U.S. ——, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). The Court held that an order denying a defendant's motion to dismiss the indictment under Fed.R.Crim.P. 6(e) is not an appealable collateral order. *Id.* at ——, 109 S.Ct. at 1497. As a consequence, the Court rejected our prior decisions holding that such an order is appealable before trial. *See, e.g., United States v. Benjamin,* 812 F.2d 548, 553 (9th Cir.1987). The Court in *Midland Asphalt* stated:

> The only defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried.

—— U.S. at ——, 109 S.Ct. at 1499. Only a right not to be tried in the sense just described will justify an interlocutory appeal based on *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Accordingly, we hold that we lack jurisdiction to entertain Almany's appeal. An order denying a motion for discovery, like an order denying a motion to dismiss the indictment, is not an appealable collateral order.

APPEAL DISMISSED.