**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Siddharth Shanabhai SHAH, Kenneth Dean Chandler, Ernest Roy Cassells, Jr., Gerald Chester Sealund, Jaime Quintanilla, David W. Burkhardt, Albert H. Lozano, James Howard Schlichtmann, Howard Schlichtmann, Thomas J. Lennon, Jaime Orlando Quintanilla, Gerald Chester Sealund, Defendants–Appellants.**

Nos. 88–1061 to 88–1063, 88–1076 to 88–1078, 88–1085, 88–1086, 88–1115, 88–1119, 88–1123 and 88–1126.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 1988.

Decided June 21, 1989.

Anne Flower Cumings, San Francisco, Cal., for defendant-appellant Chandler.

Barry J. Portman, Federal Public Defender, Christopher J. Cannon, Asst. Federal Public Defender, for defendant-appellant Quintanilla.

Doron Weinberg, Lynne S. Coffin, Larson & Weinberg, San Francisco, Cal., for defendant-appellant Lennon.

Marcus S. Topel, Daniel F. Cook, Topel & Goodman, San Francisco, Cal., for defendant-appellant Shah.

Marvin S. Cahn, San Francisco, Cal., for defendant-appellant Burkhardt.

Stephen J. Perelson, San Francisco, Cal., for defendant-appellant Lorenzo.

William Pinkus, Santa Rosa, Cal., for defendant-appellant Cassells.

Joseph P. Russoniello, U.S. Atty., Sanford Svetcov, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, SNEED and HUG, Circuit Judges.

HUG, Circuit Judge:

Defendants appeal the district court's denial of their motions to dismiss the indictment or, in the alternative, to compel discovery of grand jury proceedings. We hold that the orders appealed from fail to meet the final judgment rule of 28 U.S.C. § 1291 (1982) and dismiss the appeals.

## I

Defendants were charged in a 47–count indictment with possessing cocaine and marijuana with intent to distribute, conspiring to do the same, subscribing false tax returns, and defrauding the government. In several motions, defendants urged the district court to dismiss the indictment for alleged constitutional violations or, under the court's general supervisory powers, for prosecutorial misconduct. *See United States v. Chanen,* 549 F.2d 1306, 1312–13 (9th Cir.), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977). Defendants first alleged that the government violated the self-incrimination clause of the fifth amendment and committed prejudicial misconduct (1) by subpoenaing defendants who had warned they would invoke the testimonial privilege of the fifth amendment, (2) by harassing those defendants through sustained questioning following their invocation of the privilege, (3) by failing to caution grand jurors against drawing adverse inferences from invocation of the privilege, and (4) by misadvising some defendants of their status as targets of the grand jury investigation.

Defendants next alleged that the government's use of an informant to contact them after their grand jury appearances violated the sixth amendment right to counsel; breached the ABA Model Code of Professional Responsibility, DR 7–104(A)(1), which prohibits an attorney and his or her agent from directly communicating with an adverse party who has an attorney; and violated the grand jury secrecy rules of Fed.R.Crim.P. 6(e)(2). Finally, defendants alleged the government committed prejudicial misconduct by failing to apprise the grand jury of impeaching evidence against key prosecution witnesses. As an alternative to dismissal of the indictment, defendants sought discovery of the grand jury proceedings, contending that the foregoing allegations established the probable merit of a motion to dismiss and therefore justified discovery under Fed.R.Crim.P. 6(e)(3)(C)(ii). The district court denied defendants' motions. These appeals followed.

## II

Our jurisdiction to review orders of the district court is limited by the final judgment rule of 28 U.S.C. § 1291 (1982): a party must usually "raise all claims of error in a single appeal following final judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). Defendants attempt to evade this rule by resort to the collateral order doctrine of

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Under *Cohen*, an order is "collateral" and therefore subject to interlocutory appeal if it conclusively determines the disputed question, resolves an important issue completely separate from the merits of the action, and is effectively unreviewable on appeal from a final judgment. *United States v. Almany*, 872 F.2d 924, 925 (9th Cir.1989).

Defendants rely upon our decisions holding that an order denying a motion to dismiss an indictment under Fed.R.Crim.P. 6(e) constitutes an appealable collateral order. *See, e.g., United States v. Benjamin*, 812 F.2d 548, 553 (9th Cir.1987), *vacated*, — U.S. —, 109 S.Ct. 1948, 104 L.Ed.2d 418 (1989) (No. 88–1290). Following submission of the present appeals, however, the Supreme Court rejected those decisions in *Midland Asphalt v. United States*, — U.S. —, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). *See Almany*, at 926 (interpreting *Midland Asphalt*). The Court reasoned that an order refusing to dismiss an indictment for violation of the grand jury secrecy provisions of Rule 6(e) does not resolve an important issue completely separate from the merits of the underlying action. *See Midland Asphalt*, 109 S.Ct. at 1498. Rather, such orders involve considerations that are enmeshed in the merits of the dispute, that affect the decision on the merits, or that are affected by that decision. *Id.* (citations omitted).

■ We conclude that the reasoning of *Midland Asphalt* forecloses defendants' attempt to apply the collateral order doctrine to the orders refusing to dismiss the indictment or to compel discovery. The justifications that defendants have advanced for dismissal or for discovery, like the violation of Rule 6(e) at issue in *Midland Asphalt*, form part of the broad range of matters that are enmeshed in the merits underlying criminal actions and routinely encountered by district courts in their supervision of grand jury processes.

■ For example, defendants based their motions for dismissal of the indictment on allegations of constitutional and nonconsti-

tutional errors in the government's conduct of the grand jury investigation. Such misconduct, which was aimed at the charging process, would have justified dismissing the indictment only if prejudicial to defendants. *See Bank of Nova Scotia v. United States*, — U.S. —, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988). Generally, the determination of whether alleged misconduct had prejudicial impact on the grand jury's decision to indict necessarily leads the district court into an evaluation of the misconduct's effect on the probative force of evidence presented to the grand jury. Yet, much of the evidence and many of the legal principles relevant to the indictment decision can apply in the ultimate determination of guilt or innocence. Because of this overlap, a district court often becomes entangled in the merits of the underlying dispute when considering a motion to dismiss the indictment for government misconduct. *Compare Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 1952, 100 L.Ed.2d 517 (1988) (deciding a motion to dismiss because of *forum non conveniens* entangles district court in merits of the dispute). A similar overlap may arise in the context of a motion to compel discovery of grand jury proceedings because defendants seeking discovery must establish probable grounds for a motion to dismiss the indictment. *See* Fed.R.Crim.P. 6(e)(3)(C)(ii). The potential for such entanglement in the merits prevents orders denying motions for dismissal of an indictment and orders denying motions for discovery of grand jury proceedings from joining the categories of orders that satisfy the second requirement of the collateral order doctrine. *See Almany*, at 926.

■ After *Midland Asphalt*, interlocutory review of an order refusing to dismiss an indictment is justified only when the alleged defect is so fundamental that the grand jury ceases to be a grand jury or the indictment ceases to be an indictment. *Almany*, at 926. Because such fundamental defects implicate the constitutional right not to be tried under the grand jury clause of the fifth amendment, a district court's determination of whether fundamental de-

fects arose would resolve an important issue completely separate from the merits of the action within the meaning of *Cohen.* *See Midland Asphalt,* 109 S.Ct. at 1498–1500. The defects alleged by defendants, however, fall short of such fundamental defects as would implicate the constitutional right to avoid trial absent a proper indictment. Accordingly, we conclude the orders denying dismissal of the indictment and grand jury discovery fail to qualify as appealable collateral orders.

APPEALS DISMISSED.