The PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Jimmy J. QUEZADA,
Defendant-Appellant.

The PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Jimmy J. QUEZADA, Defendant,

and

Howard Trapp, Appellant.

Nos. 89–10259, 89–10260.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 1990 *.

Decided May 30, 1990.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Howard Trapp, Howard Trapp Inc., Agana, Guam, for appellant in No. 89–10259 and in pro. per. in No. 89–10260.

J. Nicholas Bostic, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before WALLACE, ALARCON and LEAVY, Circuit Judges.

ALARCON, Circuit Judge:

Jimmy J. Quezada appeals from the order of the Appellate Division of the United States District Court for the District of Guam that dismissed his interlocutory appeal from the Superior Court of Guam for lack of jurisdiction. The Appellate Division found that the Superior Court's denial of Quezada's motion to dismiss his indictment because it was "unsupported by any evidence" was not a final judgment and thus not immediately appealable. Quezada's counsel, Howard Trapp, appeals from sanctions imposed against Trapp by the Appellate Division for filing a frivolous appeal. The government argues that this appeal is also frivolous and requests that we impose further sanctions against Trapp. We affirm in part and vacate and remand in part.

A Guam territorial grand jury indicted Quezada for burglary and attempted criminal sexual misconduct in the first degree. He moved to dismiss the indictment, arguing that the grand jury was not presented with any evidence connecting him to the offenses. Quezada maintained that, although the grand jury heard testimony that his nine-year old victim described him accurately to the police and identified him as "Jimmy," her next-door neighbor, the grand jury received no evidence connecting him to the offense because the victim did not know his last name. The Superior Court denied the motion. The Appellate Division held that it lacked jurisdiction to hear an interlocutory appeal, and imposed sanctions against Trapp in the amount of $2,500.

## JURISDICTION

Our jurisdiction extends to "all final decisions of the appellate division of the district court" of the territory of Guam. 48 U.S.C. § 1424–3(c) (Supp. V 1987). The government argues that under our decision in *Guam v. Manibusan*, 729 F.2d 1236 (9th Cir.1984), the Appellate Division's order dismissing the appeal is not a final order. *Manibusan*, however, is inapposite. There we held that the Appellate Division's *remand for further proceedings* deprived this court of jurisdiction absent an exception to the final judgment rule. *Id.* at 1238. Here, the Appellate Division dismissed the appeal for lack of jurisdiction. It is axiomatic that a dismissal on jurisdictional grounds is a final order. *Sederquist v. Court*, 861 F.2d 554, 555 (9th Cir.1988) ("Our jurisdiction to determine jurisdiction is conferred by 28 U.S.C. § 1291."). We are thus able to review the Appellate Division's holding that it had no jurisdiction over Quezada's appeal. The Appellate Division's decision to impose sanctions against Trapp is also a final appealable order. 48 U.S.C. § 1424–3(c) (Supp. V 1987).

## DISCUSSION

1. *Appellate Division Jurisdiction to Hear an Interlocutory Appeal*

Quezada argues that the Appellate Division had jurisdiction to hear an immediate appeal from the denial of his motion to dismiss his indictment. The District Court of Guam sitting as the Appellate Division functions as a local territorial appellate court, the jurisdiction of which is deter-

mined exclusively by the Guam legislature. *Aguon v. Calvo,* 829 F.2d 845, 847 (9th Cir.1987); 48 U.S.C. § 1424–3(a) (Supp. V 1987). The appellate division's determinations of Guam law are reviewed *de novo. Guam v. Yang,* 850 F.2d 507, 509 (9th Cir.1988) (en banc).

■ Guam law permits a defendant to take an appeal from a final judgment of conviction or from an order made after judgment. 8 Guam Code Ann. § 130.15 (1985). The Guam Code allows an accused to seek dismissal of an indictment, *see, e.g., id.* § 50.14 (qualification or array of jurors); *id.* § 50.42 (competency of evidence); *id.* § 65.15(b) (attack must be raised before trial), but does not expressly authorize an interlocutory appeal from an adverse ruling.

Because this issue has not been discussed in any published Guam decision, we look to California law. *Guam v. Ignacio,* 852 F.2d 459, 462 (9th Cir.1988); *Guam v. Ojeda,* 758 F.2d 403, 406 (9th Cir.1985) ("Where there is a question concerning the criminal or civil code provisions of Guam law, this court will rely on California law."). In California, it is settled that an order denying a motion to dismiss an indictment is not directly appealable. *People v. Phipps,* 191 Cal.App.2d 448, 454, 12 Cal. Rptr. 681, 685 (1961); *People v. Fernandez,* 172 Cal.App.2d 747, 750, 342 P.2d 309, 310 (1959); *People v. Simmons,* 119 Cal. 1, 50 P. 844 (1897).

Nor, as the Appellate Division noted, is Quezada's claim supported by federal law. The United States Supreme Court has instructed that denial of a pretrial motion to dismiss an indictment in a federal court proceeding *cannot* be reviewed on an interlocutory appeal. *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 264, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982) (per curiam); *see also Guam v. Lefever,* 454 F.2d 270, 270 (9th Cir.1972) (denial of motion for dismissal of an indictment on the ground that the juvenile court had jurisdiction is not a final appealable order). The Court has recognized one exception to this principle. In *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Court held that the denial of a motion to dismiss on double jeopardy grounds was appealable prior to trial. *Id.* at 662, 97 S.Ct. at 2041. This exception is inapplicable here.

Quezada argues that this court's opinion in *United States v. Benjamin,* 812 F.2d 548 (9th Cir.1987), *vacated,* —— U.S. ——, 109 S.Ct. 1948, 104 L.Ed.2d 418 (1989), supports his contention that errors in the grand jury process are subject to interlocutory review because they are effectively unreviewable after a conviction. This court's holding in *Benjamin,* however, has been invalidated by the Supreme Court. *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989); *see also United States v. Sherlock,* 887 F.2d 971, 972 (9th Cir. 1989) (noting that the Supreme Court rejected the reasoning of *Benjamin* in *Midland Asphalt*).

Under *Midland Asphalt,* "the defendant may seek interlocutory review only when the defendant's claim implicates a right to be free from trial." *Sherlock,* 887 F.2d at 972. This right only arises under limited circumstances: "[o]nly a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." *Midland Asphalt,* 109 S.Ct. at 1499–500. Quezada's claim that the evidence before the grand jury was insufficient fails to meet this standard. *Cf. United States v. Moreno–Green,* 881 F.2d 680, 684 (9th Cir. 1989) (allegation that government failed to present some evidence and improperly presented other evidence to the grand jury did not implicate error so fundamental as to give rise to the right not to be tried).

■ In his reply brief, Quezada asserts that the district court's refusal to dismiss his indictment because the evidence was insufficient to connect him to the crime charged is subject to interlocutory review as a collateral order. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). He relies on our decision in *Moreno–Green* in support of this contention. Because interlocu-

tory appeals are particularly disruptive of criminal proceedings, federal courts apply the collateral order doctrine with "utmost strictness" in criminal cases. *Moreno–Green*, 881 F.2d at 683 (citing *Midland Asphalt*). Moreover "[o]nly a right not to be tried in the sense ... described [in *Midland Asphalt*] will justify an interlocutory appeal based on *Cohen*." *United States v. Almany*, 872 F.2d 924, 926 (9th Cir.1989). Quezada's claim is not collateral; his argument that there was insufficient evidence to indict him "goes to the very heart of the issues to be resolved at the upcoming trial." *Abney v. United States*, 431 U.S. at 663, 97 S.Ct. at 2042. We are persuaded that the Appellate Division of the Guam District Court, sitting as a territorial appellate court, correctly concluded that it lacked jurisdiction under Guam law to hear Quezada's claims.

### 2. *Sanctions*

■ Quezada's counsel seeks reversal of the district court's imposition of $2,500 in sanctions for the filing of a frivolous appeal. He contends that the appeal was clearly supported by relevant authority. He also alleges that the court erred in concluding that he had failed to designate the portion of the record that supported Quezada's claim of insufficiency of the evidence. In support of its order imposing sanctions, the Appellate Division stated as follows:

> This appeal was totally unsupported in law. Moreover, we note that Quezada's counsel failed to designate any transcript of the grand jury proceedings to support the claim that the evidence was insufficient
>
> . . . .
>
> We find that this appeal is frivolous and was filed merely to delay trial. The failure of counsel to designate the transcript of the grand jury proceedings supports the government position.

The record shows that Quezada's counsel designated the grand jury transcript as part of the record. Preparation of the transcript was delayed. It was not transmitted to the district court until the date the sanction was imposed.

In light of this apparent misunderstanding concerning counsel's conduct, we vacate the imposition of sanctions and remand for a determination of this question. We decline to impose sanctions against Quezada's counsel for this appeal.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.