The **PEOPLE OF THE TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**Pito Quinata CRUZ, Defendant–Appellant.**

**No. 89–10611.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 1990.

Decided Sept. 6, 1990.

F. Randall Cunliffe, Cunliffe, Cook, Maher & Keeler, Agana, Guam, for defendant-appellant.

J. Andrew Boname, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before WALLACE, ALARCON and WIGGINS, Circuit Judges.

ALARCON, Circuit Judge:

Pito Quinata Cruz (Cruz) appeals from the order of the Appellate Division of the United States District Court for the District of Guam (Appellate Division) that affirmed the Superior Court of Guam's (Superior Court) denial of his motion to dismiss his indictment. We have jurisdiction to hear this appeal. 48 U.S.C. § 1424–3(c) (Supp. V 1987); *Guam v. Quezada*, 905 F.2d 263, 264 (9th Cir.1990). Because we find that the Superior Court's denial of Cruz's motion was not immediately appealable, we remand to the Appellate Division with instructions to dismiss for lack of jurisdiction.

## FACTS

Cruz was charged with two counts of aggravated assault, one in the second degree and one in the third degree. Evidence was presented to a Guam territorial grand jury that Cruz struck the victim, Frank Cruz, until he became unconscious and fell to the floor. Thereafter, Cruz kicked the victim several times. Evidence was also presented to the grand jury by the prosecutor that Cruz acted in self-defense. Submission of this evidence was required under 8 Guam Civ.Code § 50.46. Section 50.-46 provides:

> [T]he prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted.

Guam Civ.Code § 50.46 (1985).

The prosecutor presented a written statement to the grand jury that Cruz had given to the police. Cruz stated that, when Frank Cruz refused to leave Cruz's home, "Mr. Jose Santos called me to get Mr. [Frank] Cruz to get out again. I did hit his shoulder to get him out of Mr. Santos' T-shirt. Mr. [Frank] Cruz had in his hands a flower vase and threw it at me. He did hit my lower nose and upper lip. Then I went crazy and hit Mr. [Frank] Cruz."

Mr. Santos' testimony before the grand jury supported Cruz's statement. Mr. Santos testified, "I pushed [Frank Cruz], so he grabbed my T-shirt. So Cruz was there on that moment, so I tried to avoid the trouble, so he helped me.... So, what [Frank Cruz] did to Cruz, he get the vase of the flower and hit him on his, some part of his body...." After submitting this exculpatory evidence, the prosecutor did not instruct the grand jury on the law of self-defense. The grand jury indicted Cruz on both counts.

Cruz filed a motion to dismiss the indictment in the Superior Court of Guam. He argued that the statutory requirement that the prosecuting attorney submit evidence tending to negate guilt has little or no value if the grand jury is not informed of the legal significance of such proof. The Superior Court denied the motion. The Appellate Division affirmed and remanded for trial.

## DISCUSSION

Guam argues that the Appellate Division had no jurisdiction to hear Cruz's appeal. "[T]he Appellate Division functions as a local territorial appellate court, the jurisdiction of which is determined exclusively by the Guam legislature." *Quezada*, 905 F.2d 264–65 (quoting *Aguon v. Calvo*, 829 F.2d

845, 847 (9th Cir.1987); 48 U.S.C. § 1424–3(a) (Supp. V.1987)).

Cruz contends that the Appellate Division had jurisdiction to hear an immediate appeal from the denial of his motion to dismiss his indictment. He relies on *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) in support of his contention that a defendant may file an interlocutory appeal if there is a fundamental defect in the grand jury proceedings. He argues that, because Guam statutorily requires the prosecuting attorney to submit evidence to the grand jury that tends to negate guilt, a failure to instruct the grand jury on the legal effect of such evidence creates a fundamental defect in the grand jury proceedings.

**I.  Right to an Interlocutory Appeal Under Guam Law**

■ In *Quezada*, we held that Guam law does not permit an interlocutory appeal from the Superior Court's denial of a defendant's motion to dismiss an indictment on the ground that it was "unsupported by any evidence." *Quezada*, 905 F.2d 264. In *Quezada*, we stated:

Guam law permits a defendant to take an appeal from a final judgment of conviction or from an order made after judgment. 8 Guam Code Ann. § 130.15 (1985). The Guam Code allows an accused to seek dismissal of an indictment, *see, e.g., id.* § 50.14 (qualification or array of jurors); *id.* § 50.42 (competency of evidence); *id.* § 65.15(b) (attack must be raised before trial), but does not expressly authorize an interlocutory appeal from an adverse ruling.

Because this issue has not been discussed in any published Guam decision, we look to California law. *Guam v. Ignacio*, 852 F.2d 459, 462 (9th Cir.1988); *Guam v. Ojeda*, 758 F.2d 403, 406 (9th Cir.1985) ("Where there is a question concerning the criminal or civil code provisions of Guam law, this court will rely on California law."). In California, it is settled that an order denying a motion to dismiss an indictment is not directly appealable. *People v. Phipps*, 191 Cal. App.2d 448, 454, 12 Cal.Rptr. 681, 685 (1961); *People v. Fernandez*, 172 Cal. App.2d 747, 750, 342 P.2d 309, 310 (1959); *People v. Simmons*, 119 Cal. 1, 50 P. 844 (1897).

*Id.* at 264. Interlocutory review of Pito Cruz's claim that the grand jury received an inadequate instruction on self-defense is thus not permitted under Guam law.

**II.  Constitutional Right Not to Be Tried**

■ Cruz has also not demonstrated that he has a federal constitutional right to interlocutory review. In *Midland Asphalt*, the Supreme Court held that "the defendant may seek interlocutory review only when the defendant's claim implicates a right to be free from trial." *United States v. Sherlock*, 887 F.2d 971, 972 (9th Cir. 1989). The right not to be tried arises under limited circumstances. " 'Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried.' " *Quezada*, 905 F.2d at 265 (quoting *Midland Asphalt*, 109 S.Ct. at 1499–500). Cruz's claim that the prosecutor failed to instruct the grand jury on affirmative defenses does not meet this standard. The purpose of the grand jury is to "find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." Guam Civil Code § 50.54 (1985). As required by section 50.46, the prosecutor submitted Cruz's statement to the grand jury. The grand jury performed its proper function by considering evidence that Cruz assaulted the victim and then kicked him after he was rendered unconscious. Whether Cruz acted in self-defense or used greater force than necessary in so doing is a matter to be resolved by a petit jury. The record does not disclose a defect so fundamental that the grand jury ceased to function properly.

**III.  Collateral Order Doctrine**

■ Cruz also asserts that the Superior Court's denial of his motion to dismiss the

indictment is subject to interlocutory review under the "collateral order doctrine" of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be reviewable a collateral "order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).

Cruz's claim is not "completely separate from the merits" of this action. An order denying a motion to dismiss an indictment for failure properly to present evidence negating guilt to the grand jury "is plainly not 'collateral' in any sense of that term; ... it goes to the very heart of the issues to be resolved at the upcoming trial." *Abney v. United States*, 431 U.S. 651, 663, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977). Moreover, the Supreme Court, by repeatedly refusing to permit interlocutory appeals of prejudgment orders, has "manifest[ed] the general rule that the third prong of the *Coopers & Lybrand* test is satisfied only where the order at issue involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Midland Asphalt*, 109 S.Ct. at 1498 (quoting *United States v. MacDonald*, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552–53, 56 L.Ed.2d 18 (1978)). Cruz's right to present evidence at his trial that he acted in self-defense has not been affected by the failure to inform the grand jury about the possible legal consequences of such proof. Cruz has failed to demonstrate that the Appellate Division had jurisdiction to hear his appeal. Accordingly, the order of the Appellate Division is VACATED and REMANDED with instructions to dismiss.