942 F.2d 793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF The TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Jimmy J. QUEZADA, Defendant,
and
Howard G. Trapp, Appellant.
 No. 90-10639.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1991.*
Decided Aug. 26, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB, HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Trapp, a criminal defense attorney, appeals the district court's imposition of sanctions in the amount of $2,500 against him pursuant to Guam Rule of Appellate Procedure 18 for filing a frivolous interlocutory appeal. We affirm.
 
 
 3
 The district court, acting as a court of appeals for the Territory of Guam, originally sanctioned Trapp on May 16, 1989. Trapp sought interlocutory appeal of the indictment of his client on the grounds that the indictment was "unsupported by any evidence." The district court held that it did not have jurisdiction, and sanctioned Trapp for making a frivolous appeal. Trapp appealed both of the district court's rulings to this court. We affirmed the district court's holding that it lacked jurisdiction to hear the interlocutory appeal, but remanded to have the district court reconsider whether sanctions were appropriate. People of the Territory of Guam v. Quezada, 905 F.2d 263, 266 (9th Cir.1990). There had been a misunderstanding between Trapp and the district court regarding designation of transcripts of the grand jury proceedings. On remand, the district court reimposed sanctions, stating that sanctions "were originally imposed because the appeal was frivolous on the merits." Trapp now appeals the reimposition of sanctions. We have jurisdiction pursuant to 48 U.S.C. § 1424-3(c). Although "whether specific conduct violated the Rule is a legal question which must be reviewed de novo[,] ... the appropriateness of the sanctions must be reviewed under an abuse of discretion standard." Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir.1986) (district court imposition of sanctions under Fed.R.Civ.P. 11).
 
 
 4
 Trapp argues that the district court erroneously imposed sanctions upon him simply because the case on which he based his appeal to the district court, United States v. Benjamin, 812 F.2d 548 (9th Cir.1987), vacated, 490 U.S. 1043 (1989), was later vacated by the Supreme Court.
 
 
 5
 Trapp's argument is without merit. The district court sanctioned Trapp for filing an appeal "totally unsupported in law" for the sole purpose of delaying Quezada's criminal trial, not for relying on the later-vacated Benjamin case.[1] The district court's conclusion that the appeal filed by Trapp was "totally unsupported in law" is well founded. As we held in Quezada, California law provides the rule of decision since there are no published cases from Guam. Quezada, 905 F.2d at 265. "In California, it is settled that an order denying a motion to dismiss an indictment is not directly appealable." Id.
 
 
 6
 Further, even if federal law had been applicable, federal law would not have provided a basis for the appeal pursued by Trapp. The very well-established general federal rule is that denials of motions to dismiss indictments are not immediately appealable. United States v. Hollywood Motor Car Co., 458 U.S. 263, 264 (1982); Guam v. Lefever, 454 F.2d 270 (9th Cir.1972); Kyle v. United States, 211 F.2d 912 (9th Cir.1954). Trapp's argument that Quezada's motion to dismiss for lack of evidence fell within the "collateral order" exception to this rule was frivolous. As we have previously recognized, Trapp's argument that there was insufficient evidence to indict his client was not collateral, but "[went] to the very heart of the issues to be resolved at ... trial." Quezada, 905 F.2d at 266 (quoting Abney v. United States, 431 U.S. 651, 663 (1977)). See also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949); Benjamin, 812 F.2d at 550, 553-54 (holding that a motion to dismiss a grand jury indictment for irregularity of grand jury proceedings was a collateral order under Cohen ).
 
 
 7
 The district court did not err when it determined that sanctions were appropriate. Moreover, we cannot say that the amount of the sanction, $2,500, was an abuse of discretion. "[T]he district court has wide discretion in determining what sanctions should be imposed...." Golden Eagle, 801 F.2d at 1538.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ironically, the district court itself relied on Benjamin when it dismissed Trapp's interlocutory appeal and imposed sanctions. (ER # 2, p. 3)