990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Lynn DRY, Defendant-Appellant.
 No. 92-30287.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Lynn Dry appeals his conviction imposed upon entry of a guilty plea to kidnapping in violation of 18 U.S.C. § 1201(a)(1). Dry contends that the district court erred by failing to explain the nature and effect of a term of supervised release at his change of plea hearing. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A party must " 'raise all claims of error in a single appeal following final judgment on the merits.' " United States v. Shah, 878 F.2d 272, 273 (9th Cir.1989) (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981)). Fed.R.Crim.P. 35(a) allows a district court on remand of sentence to impose a new sentence or to conduct further sentencing proceedings in accordance with appellate review.
 
 
 4
 Here, Dry pleaded guilty on March 3, 1989, and was sentenced on March 17, 1989. Dry filed a timely notice of appeal, challenging only his sentence. On appeal, we vacated the sentence and remanded for resentencing. The district court resentenced Dry on January 11, 1991. Following his timely appeal, we again vacated his sentence and remanded for resentencing. At his second resentencing on July 9, 1992, Dry raised for the first time the issue of the district court's failure to advise him of his supervised release at the change of plea hearing. In the instant appeal, Dry seeks to challenge his 1989 conviction based on this alleged defect in his change of plea hearing.
 
 
 5
 Dry waived any direct appeal challenge to his conviction by failing to raise this issue in his original appeal. Pursuant to Fed.R.Crim.P. 35(a), the district court had jurisdiction on prior remands only to address the resentencing issues which were the specific subject of our initial and subsequent appellate rulings. See Fed.R.Crim.P. 35(a). All issues regarding the change of plea hearing on March 3, 1989, should have been raised by Dry in his appeal of the March 17, 1989 judgment. See Shah, 878 F.2d at 273. Accordingly, Dry's appeal of his conviction is waived. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3