19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Anthony GREEN, Defendant-Appellant.
 No. 93-50529.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 14, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Anthony Green appeals his conviction following remand from this court for resentencing. Green was originally convicted, following jury trial, for photographing counterfeit obligations in violation of 18 U.S.C. Sec. 474. He contends that the district court erred by denying his motion made after remand to dismiss the indictment for outrageous government conduct. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Generally, "a party must raise all claims of error in a single appeal following final judgment on the merits." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981) (noting that collateral orders are an exception to the rule); accord United States v. Shah, 878 F.2d 272, 273 (9th Cir.1989). Fed.R.Crim.P. 35(a) allows a district court on remand of a sentence to impose a new sentence or to conduct further sentencing proceedings in accordance with appellate review. Fed.R.Crim.P. 35(a).
 
 
 4
 Here, Green was convicted on December 14, 1990, and sentenced on April 1, 1991. Green timely filed a notice of appeal challenging both his conviction and sentence. Green argued, among other things, that the government's conduct violated his Fifth Amendment due process rights. On appeal, we affirmed his conviction but vacated the sentence and remanded the case for resentencing. See United States v. Green, 962 F.2d 938 (9th Cir.1992).
 
 
 5
 At resentencing, Green filed a motion requesting that, among other things, the district court relieve his appointed counsel for alleged ineffective assistance in pursuing the outrageous government conduct claim. In granting the motion, the court ruled that a conflict existed between Green and his counsel. The court appointed new counsel to represent Green at his sentencing and to present new evidence regarding the outrageous government conduct claim. Subsequently, the court denied Green's motion to dismiss the indictment for outrageous government conduct and resentenced him. In the instant appeal, Green challenges his conviction based upon the court's denial of his post-conviction motion alleging outrageous government conduct.
 
 
 6
 The district court had jurisdiction on remand only to address the resentencing issues which were the specific subject of our initial appellate rulings. See Fed.R.Crim.P. 35(a). All arguments in support of the outrageous government conduct claim should have been raised by Green in his initial appeal. See Shah, 878 F.2d at 273. To the extent such arguments are intertwined with his claim of ineffective assistance of counsel, they are more appropriately addressed in a habeas corpus proceeding. See 28 U.S.C. Sec. 2255; United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Accordingly, we conclude that Green has waived additional arguments supporting his outrageous government conduct claim by failing to raise them in his initial appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3