21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alex AQUININGOC, Defendant-Appellant.
 No. 93-10270.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 13, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alex G. Aquiningoc appeals his conviction, following a jury trial, for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. Sec. 922(g)(1). He contends that the district court erred by denying his motion to suppress statements he made to police. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's determination that a confession was voluntary, and we review underlying fact findings for clear error. United States v. Miller, 984 F.2d 1028, 1030 (9th Cir.), cert. denied, 114 S.Ct. 258 (1993).
 
 
 4
 If the government proves by a preponderance of the evidence that a defendant voluntarily waived his Miranda rights, then the defendant's confession can be used against him at trial. Colorado v. Connelly, 479 U.S. 157, 168 (1986); see Miranda v. Arizona, 384 U.S. 436 (1968). We consider whether under the totality of the circumstances, the confession "was the product of a free and deliberate choice rather than intimidation, coercion, or deception." Moran v. Burbine, 475 U.S. 412, 421 (1986); see also Guam v. Muna, 999 F.2d 397, 400 (9th Cir.1993). A confession is involuntary if it is the product of a promise "sufficiently compelling to overbear the suspect's will in light of all attendant circumstances." United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988).
 
 
 5
 Here, Guam police officers arrested Aquiningoc and took him to the police station. In an affidavit, Aquiningoc stated that the officers told him they would release him if he made satisfactory statements but would confine him if he did not. He stated that for several hours, "I was locked in a warm room without windows and without food with a succession of approximately eight to ten police officers, only one of which was with me at a time, alternating between more and less aggressive officers. The officers made threatening statements such as 'we'll get you,' and each of them told me to sign the Miranda form and to make a statement...." Aquiningoc also stated that he "did not want to sign the Miranda form or make statements, but did so only because of the constant police pressure and because I believed that the police would release me only if I cooperated with them."
 
 
 6
 At Aquiningoc's suppression hearing, Officer Jose D. Materne testified that he began questioning Aquiningoc at 2:52 p.m., after Aquiningoc waived his Miranda rights. Aquiningoc first made oral statements and later in the afternoon made a written statement. Materne testified that he questioned Aquiningoc in the station's largest interview room. Other officers came in and out, but Materne was the principal interrogator.
 
 
 7
 When Materne was asked at the suppression hearing, "Now, sir, isn't it true, sir, that during the--before Mr. Aquiningoc began writing this written statement at 5:45, that you told Mr. Aquiningoc that if he cooperates, you know, there would be no need ... to place him at Rosario Detention center, you now, you'd be able to release him?" Materne answered, "I said I would be able to probably release him probably through the Attorney General's instruction or advice." Materne also testified that Aquiningoc did not cooperate with him until Materne told Aquiningoc he would be released if he cooperated.
 
 
 8
 The district court found Materne credible and denied the motion to suppress.
 
 
 9
 The district court's credibility finding was not clearly erroneous. See Miller, 984 F.2d at 1030. Accordingly, we must accept the district court's implied finding that Aquiningoc was not credible, insofar as he disagreed with Materne, and determine whether Materne's version of events established that Aquiningoc's statements were involuntary.
 
 
 10
 Materne's testimony shows that the promise of release influenced Aquiningoc's decision to waive his Miranda rights. Nonetheless, not every promise by police is improperly coercive. See Leon Guerrero, 847 F.2d at 1366. According to Materne, Aquiningoc agreed quickly to talk, and the police did not make any other promises or threats. Under the totality of these circumstances, the district court did not err by determining that Materne's confession was voluntary. See Moran, 475 U.S. at 421; Muna, 999 F.2d at 400.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3