108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edmond LEFEBVRE, Defendant-Appellant.
 No. 96-50356.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1997.*
Decided March 17, 1997.
 
 Before: BOOCHEVER, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Edmond Lefebvre was convicted of two counts of mail fraud (in violation of 18 U.S.C. § 1342) and one count of wire fraud (in violation of 18 U.S.C. § 1341). He was sentenced to 20 months incarceration to be followed by five years supervised release. The defendant appeals the district court's denial of his motion to dismiss the indictment, as well as the sentence imposed. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.
 
 ANALYSIS
 I.
 
 3
 The district court did not err in denying the defendant's motion to dismiss the indictment because of prosecutorial misconduct before the grand jury. Allegations of prosecutorial misconduct before a grand jury are reviewed de novo. United States v. De Rosa, 783 F.2d 1401, 1404 (9th Cir.1986).
 
 
 4
 The district court found, and no party contests, that some of the prosecutor's statements before the grand jury were improper. Lefebvre argues that those improper statements, in addition to other alleged improprieties, prejudiced the grand jury and impermissibly tainted his indictment. We disagree.
 
 
 5
 Even taking all of Lefebvre's allegations as true, "the petit jury's [guilty] verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation[s]." United States v. Mechanik, 475 U.S. 66, 73 (1986). When a defendant moves to dismiss an indictment after a petit jury conviction, it is proper to dismiss that indictment only where "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair." Bank of Nova Scotia v. United States, 487 U.S. 250, 256-57 (1988). See also Guam v. Muna, 999 F.2d 397, 399 (9th Cir.1993) (when motion to dismiss is filed before conviction, this court reviews grand jury proceedings for harmless error; when filed after conviction, error presumed harmless and appellate court reviews only for fundamental unfairness in the process). The alleged errors in this case, even when considered cumulatively, did not render the proceedings fundamentally unfair. See Bank of Nova Scotia, 487 U.S. at 257-63 (numerous types of misconduct found yet proceedings not fundamentally unfair).
 
 II.
 
 6
 The district court did not err in calculating the amount of the loss for sentencing purposes. The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Salemo, 81 F.3d 1453, 1463 (9th Cir.) (as amended), cert. denied, 117 S.Ct. 436 (1996) (finding of amount of loss reviewed for clear error).
 
 
 7
 The district court relied on application note 7(b) of United States Sentencing Guidelines § 2F1.1 to determine the amount of loss caused by the defendant's fraudulent conduct. That note states that "if a defendant fraudulently obtains a loan by misrepresenting the value of his assets, the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan." U.S.S.G. § 2F1.1, comment. (n. 7(b)) (Nov. 1995). The court applied this formula word for word, subtracting the net amount GN Mortgage received from selling the property from the remaining principal on the loan.
 
 
 8
 Moreover, the court gave the defendant a two-level downward departure because the amount of loss overstated the seriousness of the crime. Especially in light of this departure, we cannot find that the district court committed clear error.
 
 III.
 
 9
 A discretionary refusal to depart downward is not subject to appellate review. United States v. Mejia, 953 F.2d 461, 464 (9th Cir.1991) (as amended). If the trial court indicates, however, that it did not have the discretion under the Guidelines to depart, that determination is reviewed de novo. United States v. Brownstein, 79 F.3d 121, 122 (9th Cir.1996).
 
 
 10
 In this case, the district court refused to depart because as it interpreted section 5K2.13 of the Sentencing Guidelines, no departure was available. We affirm the district court's refusal to depart. The defendant's difficulties do not rise to the level of diminished capacity as set out by the Sentencing Guidelines.
 
 
 11
 Section 5K2.13 permits a downward departure where a defendant commits a nonviolent offense "while suffering from significantly reduced mental capacity." U.S.S.G. § 5K2.13 (Nov. 1995). While the defendant may indeed have suffered from his troubled family life, his financial problems, and his injured back, we agree with the district court that "the ... conditions that Mr. Lefebvre was suffering from are probably not uncommon for many defendants." There was no evidence that those conditions caused defendant to suffer from a "significantly reduced mental capacity." The district court appropriately denied the requested departure.
 
 CONCLUSION
 
 12
 The district court properly denied defendant's motion to dismiss; the court did not clearly err in calculating the amount of loss; and it correctly refused to depart downward on the basis of diminished capacity. Therefore, we AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3