**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Bernard GROSS, Defendant—
Appellant.**

**No. 00–50474.**
**D.C. No. CR–97–01178–RMT.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided May 6, 2002.

See, also, 41 F.Supp.2d 1096.

Before PREGERSON, TROTT, Circuit Judges, and FITZGERALD *, District Judge.

## MEMORANDUM **

### OVERVIEW

Bernard Gross ("Gross") was convicted on three counts of making false statements on bankruptcy forms in violation of 18 U.S.C. § 152(3) and 18 U.S.C. § (2)(b). On appeal, Gross argues that the district court erred by: 1) denying his motion to dismiss the indictment alleging prosecutorial misconduct during the grand jury proceedings; 2) denying his motion for a new trial alleging prosecutorial misconduct during the government's rebuttal closing; 3) denying his motion for a new trial alleging false statements by the government to the court; 4) denying his proposed jury instructions on willfulness; and 5) applying the incorrect United States Sentencing Guidelines provisions ("USSG"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The facts and procedural history are familiar to the parties and need no recitation.

---

* The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

## DISCUSSION

1. *Prosecutorial Misconduct During The Grand Jury Proceedings*

■ A jury convicted Gross of the charges listed in the indictment, thus, " 'any error in the grand jury proceeding connected with the charging decision [is deemed] harmless beyond a reasonable doubt.' " *Guam v. Muna,* 999 F.2d 397, 399 (9th Cir.1993) (alteration in original) (quoting *United States v. Mechanik,* 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)). Although dismissal of an indictment is appropriate when the grand jury's structural protections are compromised, rendering the proceedings fundamentally unfair, no such structural impairments occurred here. *See Bank of Nova Scotia v. United States,* 487 U.S. 250, 257, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (citing cases excluding grand jurors based on gender and race as structurally impaired). Gross had no constitutional right to have exculpatory evidence presented to the grand jury, *United States v. Williams,* 504 U.S. 36, 51–52, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992), and the U.S. Attorney's Manual did not create enforceable rights. *United States v. Estacio,* 64 F.3d 477, 482 (9th Cir.1995) Thus, there was no denial of due process or structural impairment to the grand jury proceedings and any possible error was harmless beyond a reasonable doubt.

2. *Prosecutorial Misconduct During Rebuttal Closing*

If a timely objection is made to prosecutorial comments we review for harmless error, but when no objection is made, we review for plain error. *United States v. de*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Cruz,* 82 F.3d 856, 861 (9th Cir.1996). Gross appeals prosecutorial comments he objected to and those he did not, but none of the statements are harmful or plainly erroneous when viewed in the context of the entire trial. Gross's own closing statements invited most, if not all, of the objectionable comments, and the district court's curative instructions neutralized any possible prejudice.

3. *Motion For a New Trial Based on Newly Discovered Evidence*

To prevail on a motion for a new trial based on newly discovered evidence Gross was required to show that the evidence was newly discovered, that his failure to discover the evidence was not due to lack of diligence, that the evidence was material to the issues at trial, and that the evidence indicates that a new trial would probably lead to acquittal. *United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir. 1991). Although Gross discovered the evidence after trial, it was not material to the issues in the case, nor did it demonstrate that Gross would have been acquitted. Therefore, the district court did not abuse its discretion in denying Gross's motion for a new trial.

4. *Proposed Jury Instructions*

The instructions given by the district court accurately defined the elements of the offense and left ample room for Gross to argue his theory of the case. Therefore, we affirm the district court's choice of jury instructions.

5. *Sentencing Guidelines*

The district court correctly focused on the first superceding indictment to determine that Gross was indicted based on perjured statement made to the bankruptcy court. Thus, the district court properly applied USSG § 2J1.3, governing perjury, instead of former USSG § 2F1.1, governing fraud and deceit, to determine Gross's sentence.

AFFIRMED.