**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daymon Anthony BOYD, Defendant—
Appellant.**

No. 02–50103.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2003.

Decided April 11, 2003.

Before: PREGERSON, THOMAS, Circuit Judges and OBERDORFER,* District Judge.

### MEMORANDUM **

Daymon Boyd appeals from the district court's denial of his motion to dismiss the indictment and vacate his conviction for armed robbery and use and carrying of a firearm during the commission of a crime of violence. A jury found Boyd guilty of three counts of armed robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of use and carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1), (2) ("use and carrying"). It acquitted him on one count of armed robbery and on three counts of use and carrying. The district court sentenced him to 215 months in prison followed by five years of supervised release, restitution in the amount of $8,422 and a $400.00 penalty assessment. He now challenges his conviction on the grounds that: (1) the district court erred in failing to dismiss the indictment based on the government's subornation of perjury before the grand jury, (2) the government unlawfully paid two trial witnesses for their testimony, (3) the conviction of him on two armed robbery counts is inconsistent with acquittal of him on two of the related counts of use and carrying and (4) the district court erred in admitting his confession into evidence because it was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16

L.Ed.2d 694 (1966) and *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. For the reasons discussed below, we reject the arguments of the defendant and affirm the trial court.

### A. Motion to Dismiss the Indictment

We review the district court's decision to deny a motion to dismiss an indictment based on prosecutorial misconduct under a *de novo* or abuse of discretion standard. *See United States v. Woodley*, 9 F.3d 774, 777 (9th Cir.1993) (explaining that courts are divided "as to whether the denial of a motion to dismiss an indictment is reviewed *de novo* or for an abuse of discretion"). We need not decide which standard applies here because we affirm using either standard.

Boyd argues that the District Court should have dismissed the underlying indictment because of prosecutorial misconduct. Specifically, Boyd states that Gene White perjured himself in front of the grand jury when he testified, in response to leading questions from the prosecutor, that he was not testifying pursuant to a cooperation agreement.

Generally "a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). Once a defendant is convicted by a jury after trial "any error in the grand jury proceeding connected with the charging decision [is deemed] harmless beyond a reasonable

---

* The Honorable Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

doubt." *United States v. Mechanik*, 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (quoted in *People of Territory of Guam v. Muna*, 999 F.2d 397, 399 (9th Cir.1993)). In such a case an indictment may be dismissed "only where the 'structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair.'" *Muna*, 999 F.2d at 399 (quoting *Bank of Nova Scotia*, 487 U.S. at 257). In determining whether the proceeding is fundamentally unfair a court looks to whether the "'violation substantially influenced the grand jury's decision to indict', or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia*, 487 U.S. at 256 (quoting *Mechanik*, 475 U.S. at 78 (O'Connor, J. concurring)). "The relevant inquiry therefore focuses not on the degree of culpability of the prosecutor, but on the impact of his misconduct on the grand jury's impartiality." *United States v. Sears, Roebuck & Co.*, 719 F.2d 1386, 1392 (9th Cir.1983) (citations omitted).

■ Assuming, without deciding, that prosecutorial misconduct existed in this case,[1] Boyd does not allege the type of misconduct that raises grave doubt that the decision to indict was free from the substantial influence of such violations nor does he sufficiently demonstrate that White perjured himself. Testimony given at trial by White and the statements made by his attorney, Jeanne Knight, indicate that the question of whether a cooperation agreement existed between the government and White remained a source

of confusion. Moreover, "if sufficient non-perjurious testimony exists to support the indictment, the courts will not dismiss the indictment due to the presence of perjured testimony before the grand jury, on the assumption that the grand jury would have returned an indictment without the perjurious evidence." *United States v. Claiborne*, 765 F.2d 784, 791 (9th Cir. 1985) *abrogated on other grounds*, *Ross v. Oklahoma*, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). Accordingly, we affirm the district court's denial of the motion to dismiss the indictment.

### B. *"Bribery" of Trial Witnesses*

The court reviews a district court's decision to admit or exclude testimony for abuse of discretion. *See United States v. Beckman*, 298 F.3d 788, 792 (9th Cir.2002).

■ Boyd argues that the district court should have excluded the testimony of two cooperating witnesses, Anthony Jackson and Gene White, because the government "bribed" these witnesses in violation of 18 U.S.C. § 201(c)(2). Boyd states that the prosecutor gave value—plea agreements, with a chance for lesser charges—in exchange for testimony. However, it is well established in the Ninth Circuit that leniency or immunity in exchange for testimony is not actionable under the bribery statute. *See, e.g., United States v. Smith*, 196 F.3d 1034, 1039–40 (9th Cir.1999) ("Recently, we ruled that the government's promise of leniency to a cooperating witnesses does not violate 18 U.S.C. § 201(c)(2)."); *United States v. Mattarolo*, 209 F.3d 1153, 1160 (9th Cir.2000) (finding

---

1. The government argued quite strenuously at oral argument that no prosecutorial misconduct occurred. While we do not believe that the alleged misconduct compromised the "structural protections of the grand jury ... as to render the proceedings fundamentally unfair" we note that the better course of action would have been to inform the grand jury of the existence of the 1998 cooperation agreement. The leading questions asked by the prosecutor could have left an impression that there had never been an agreement between White and the government; this was not correct.

no merit to defendant's argument that a grant of leniency equaled bribery within the meaning of § 201(c)(2)). Accordingly, we conclude that the District Court did not abuse its discretion in allowing White and Jackson to testify at trial.

### C. Inconsistent Verdict

We review *de novo* the legal determination of whether a defendant may upset a verdict because it is inconsistent with an acquittal. *United States v. Hart*, 963 F.2d 1278, 1279 (9th Cir.1992). However, Boyd raises the issue of inconsistent verdicts for the first time on appeal. Because he failed to raise the issue below we review for plain error. *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir.1993). Plain error exists "if, viewing the error in the context of the entire record, the impropriety seriously affects the fairness, integrity or public reputation of judicial proceedings, or where failing to reverse a conviction would amount to a miscarriage of justice." *Id.* (internal quotations omitted). Boyd has failed to demonstrate plain error.

The jury found Boyd guilty of armed robbery in violation of 18 U.S.C. § 2113(a) and (d), as charged in counts one and three of the superseding indictment. The jury acquitted him on the two charges of use and carrying as alleged in counts two and four of the superseding indictment. Counts two and four corresponded to the robberies alleged in counts one and three. He argues that the jury's verdict is inconsistent and thus his conviction on counts one and three should be set aside.

"Consistency in the verdict is not necessary." *Hart*, 963 F.2d at 1281 (quoting *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932)), and "[j]ury verdicts are insulated from review for inconsistency." *United States v. Dota*, 33 F.3d 1179, 1187 (9th Cir.1994); *see also United States v. Powell*, 469 U.S. 57, 65–67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (rejecting exceptions to the rule that inconsistent verdicts may not be challenged). The *Hart* court explained that because of "the Government's inability to invoke review, the general reluctance to inquire into the workings of the jury, and the possible exercise of lenity ... the best course to take is simply to insulate jury verdicts from review on this ground [of inconsistency]." *Hart*, 963 F.2d at 1281.

### D. Miranda Violation

The voluntariness of a confession is determined by the totality of the circumstances, which the court reviews *de novo*. *United States v. Andaverde*, 64 F.3d 1305, 1310 (9th Cir.1995). Factual findings made by the district court are reviewed for clear error. *United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir.1998).

At trial, Boyd moved to exclude his confession on the ground that his statement was taken after he invoked his right to counsel. Specifically, he argues that he told the arresting agent that he wanted an attorney. The district court made factual findings that Agent Brown did not hear Boyd's request for counsel. It also found that Boyd did not tell the interrogating agent, Agent Bowdich, that he had requested an attorney. The district court concluded that Boyd voluntarily and knowingly waived his right to counsel before confessing his involvement in the robberies.

The defendant points to no evidence contradicting the factual findings of the district court and does not allege any clear error in the court's finding that Agent Brown did not hear Boyd's request for counsel at the time of arrest. Nor does he dispute the finding that he did not inform Agent Bowdich of his request. Prior to any custodial interrogation, Agent Bowdich read Boyd his *Miranda* rights

and Boyd signed a waiver indicating that he understood his rights but waived his right to counsel. After reviewing the totality of the circumstances we conclude that the district court did not err in finding that Boyd's confession was voluntary and knowing.

**AFFIRM.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Walker's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.