UNITED STATES of America, Plaintiff–Appellee,

v.

Robert FRANSCIONI, Defendant–Appellant.

No. 01–10272.

D.C. No. CR–96–20050–01–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Nov. 14, 2003.

Jeffrey Nedrow, San Jose, CA, for Plaintiff–Appellee.

Dennis Roberts, Attorney at Law, Oakland, CA, for Defendant–Appellant.

Before HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Appellant Robert Franscioni ("Franscioni") appeals his conviction for violating 21 U.S.C. § 846, for conspiring to possess cocaine with intent to distribute. Franscioni also appeals his sentence as violating due process and as a misapplication of the Sentencing Guidelines. We affirm the district court in all respects.

■ Any violation of Rule 11 of the Federal Rules of Criminal Procedure that may have occurred with respect to Franscioni's original guilty plea is moot. Franscioni alleges that the district judge originally assigned to his case improperly participated in plea negotiations. The proper remedy for a Rule 11 violation is to allow the defendant to withdraw the original plea and plead again. *United States v. Anderson,* 993 F.2d 1435, 1438–39 (9th Cir.1993). The original district judge allowed Franscioni to withdraw his original guilty plea and enter a new plea of not guilty. The judge then recused himself, and Franscioni proceeded to trial with a new district judge. Any injury to Franscioni has thus been remedied.

■ We also reject Franscioni's contention that the four and one-half year delay between his April 2, 1996 indictment and October 23, 2000 trial violated his Sixth Amendment right to a speedy trial. Franscioni is not entitled to any presumption of prejudice because he, himself, largely created the delay by waiting three years before seeking to change his guilty plea. *United States v. Aguirre,* 994 F.2d 1454, 1457–58 (9th Cir.1993). Further, he has made no showing that his defense was actually prejudiced by the delay. The mere possibility of impairment is not sufficient to warrant reversal. *United States v. Lam,* 251 F.3d 852, 860 (9th Cir.2001). Franscioni offers no more than a bare assertion that the three unavailable witnesses would have offered testimony helpful to his defense. Indeed, it appears that Franscioni failed to interview the witnesses when they were available to him. This falls far short of making a showing of actual prejudice attributable to the delay between indictment and trial.

■ We also conclude that no violation of due process flowed from the govern-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment's alleged erasure of recordings containing conversations between Franscioni and the government's informant. For the government's destruction of potential evidence to amount to a constitutional violation, the defendant must show that the government acted with animus toward the defendant and that the evidence was material—in other words that the evidence was exculpatory and that the defendant could not reasonably obtain comparable evidence. *California v. Trombetta,* 467 U.S. 479, 488–89, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *see also Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). Franscioni's mere assertion that the government erased recordings of exculpatory conversations does not demonstrate the government's bad faith. *See Guam v. Muna,* 999 F.2d 397, 400 (9th Cir.1993). Furthermore, Franscioni cross-examined the informant with respect to the substance of the alleged conversations, and also presented evidence to the jury that the informant erased tapes. The destruction of the tapes did not constitute a due process violation. *See United States v. Rivera–Relle,* 333 F.3d 914, 922 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 459, 157 L.Ed.2d 331 (2003).

■ We also conclude that there was no error with respect to the jury instructions. The instructions adequately placed Franscioni's theory of the case before the jury, which was that he did not intend the cocaine to be distributed because he believed that he was acting to help the police apprehend others who were co-conspirators. A supplemental jury instruction expressly stated:

> "[I]f a person participates in an agreement to transfer a prohibited drug to someone else with the honestly held belief that he is doing so with the approval of law enforcement, he does not have the intent to possess with the intent to deliv-

er because he does not intend that the person to whom the transfer is planned is actually going to do other than turn the prohibited drug over to law enforcement."

There is no error in denying a particular instruction where the instructions as a whole adequately present the defendant's theory. *United States v. Clayton,* 108 F.3d 1114, 1118 (9th Cir.1997); *United States v. Dees,* 34 F.3d 838, 842–43 (9th Cir.1994). Similarly, it was not error to refuse the jury's request for an entrapment instruction where Franscioni not only did not argue such a theory during trial, but repeatedly and expressly disavowed such a defense in response to the district court's inquiries. *See United States v. Freeman,* 6 F.3d 586, 600 (9th Cir.1993). Finally, the district court's responses to jury questions and its supplemental instructions were not in error as we find nothing in the record giving rise to a "genuine possibility of juror confusion." *United States v. Anguiano,* 873 F.2d 1314, 1320–21 (9th Cir.1989).

■ As to sentencing, there was no violation of due process with respect to the district court's determination of the quantity of drugs attributable to Franscioni. Franscioni contends that the district judge's finding that he was responsible for approximately three kilograms of drugs was a violation of his due process rights as articulated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The jury convicted Franscioni of conspiracy to possess with intent to distribute an unspecified amount of cocaine, a finding which subjected him to a maximum of twenty years imprisonment. *United States v. Antonakeas,* 255 F.3d 714, 728 (9th Cir.2001); *see also* 21 U.S.C. § 841(b)(1)(C). The district court actually imposed a sentence of ninety-seven months, well below the twenty-year statu-

tory maximum under the facts as found by the jury. Any *Apprendi* violation could not have affected his sentence. *See United States v. Garcia–Guizar,* 234 F.3d 483, 488–89 (9th Cir.2000). We further hold that the district court in determining the proper offense level under the Sentencing Guidelines did not clearly err in attributing between two and three kilograms to Franscioni individually.

We conclude that there was no error with respect to the district court's adjustments to Franscioni's offense level. The district judge denied a downward adjustment for a minor participant, and for post conviction rehabilitation. He found Franscioni ineligible for a reduction under F.S.G. § 2D1.1(b)(6), and adjusted the offense level upward two levels for obstruction of justice.

 The downward adjustment for being a minor participant is a question of fact, and we conclude that the district court did not clearly err in finding that Franscioni played more than a minor role in the instant drug transaction. *See United States v. Murillo,* 255 F.3d 1169, 1179 (9th Cir.2001), *cert. denied,* 535 U.S. 948, 122 S.Ct. 1342, 152 L.Ed.2d 245 (2002); *United States v. Sanchez–Lopez,* 879 F.2d 541, 557 (9th Cir.1989). In order to qualify for the two-level decrease in the offense level under F.S.G. § 2D1.1(b)(6), that guideline provides that the defendant must meet the "criteria set forth in subdivisions (1)–(5) of § 5C1.2." The district court did not clearly err in finding that Franscioni did not meet subdivision (5) of that guideline because he was untruthful regarding the offense. We lack jurisdiction to review the district court's discretionary refusal to grant a downward departure from the Sentencing Guidelines. *United States v. Daas,* 198 F.3d 1167, 1182 (9th Cir.1999). Franscioni's challenge to the denial of a downward departure for post-conviction rehabilitation must, therefore, fail. Finally, the district court did not abuse its discretion in imposing an upward adjustment for obstruction based on Franscioni's perjury at trial. It found Franscioni's testimony to be willful and false; and, under the circumstances of this case, he impliedly found the false statement to be material. *See United States v. Oplinger,* 150 F.3d 1061, 1070 (9th Cir.1998).

In reviewing the record as a whole, we conclude that there were not any errors to accumulate, and so hold that cumulative error did not amount to a deprivation of Franscioni's right to a fair trial. *Mancuso v. Olivarez,* 292 F.3d 939, 957 (9th Cir. 2002). We affirm the judgment of conviction and the sentence.

AFFIRMED