**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30397 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00035-TMB |
| v. |   |
| DENNIS SUESUE, | MEMORANDUM[*] |
| Defendant - Appellant. |   |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted January 11, 2010
Seattle, Washington

Before: KLEINFELD, TASHIMA and TALLMAN, Circuit Judges.

Dennis Suesue appeals his conviction and sentence for being a felon in

possession of a firearm, 18 U.S.C. § 922(g)(1); assaulting a federal agent, 18

U.S.C. § 111(a)(1) and (b); possessing with the intent to distribute cocaine, 21

U.S.C. § 841(a)(1) and (b)(1)(C); armed robbery of federal property, 18 U.S.C. §

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

2114(a); using a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(ii); and threatening to assault or murder a family member of a federal law enforcement officer, 18 U.S.C. § 115(a)(1)(A) and (b)(1)(4). We have jurisdiction under 28 U.S.C. § 1291 and we affirm the conviction and sentence.

Suesue first argues that his rights were violated under Brady v. Maryland, 373 U.S. 83 (1963), when the district court denied production of the video camera for examination by the defense. We disagree. A violation under Brady requires that there be evidence to suppress. See United States v. Price, 566 F.3d 900, 907 (9th Cir. 2009). Here, the district court found that there was no video recording evidence to suppress and nothing in the record shows otherwise. Suesue provided no evidence that the government acted with bad faith in failing to record the meeting between Suesue and Agent King. See People of Territory of Guam v. Muna, 999 F.2d 397, 400 (9th Cir. 1993) ("Muna has not demonstrated that the failure of the police to produce this evidence was in bad faith. The only 'evidence' of bad faith that Muna offers is the observation that both the photographs and the recording are missing. This is insufficient."); Miller v. Vasquez, 868 F.2d 1116,

1119 (9th Cir. 1989) (in the absence of bad faith, there is no due process violation when law enforcement fails to gather potentially exculpatory evidence).

The district court did not err when refusing to give a self-defense instruction to the jury. A defendant is entitled to a jury instruction regarding his theory of defense if it is legally sound and founded in the evidence. See Beardslee v. Woodford, 358 F.3d 560, 577 (9th Cir. 2004). "A mere scintilla of evidence supporting the defendant's theory, however, is not sufficient to warrant a defense instruction." United States v. Morton, 999 F.2d 435, 437 (9th Cir. 1993) (internal quotation omitted). Here, the record is devoid of any evidence that Suesue had a reasonable belief that the use of force was necessary to defend himself against immediate use of unlawful force. See United States v. Keiser, 57 F.3d 847, 851 (9th Cir. 1995).

The district court properly counted Suesue's 2004 drug conviction via his nolo contendere plea for the purposes of career offender enhancement under U.S. Sentencing Guideline § 4B1.1. The Sentencing Guidelines state that the defendant must have committed the instant offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . .

. . [And that the] date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere." USSG §4B1.2(c) (emphasis added); see also United States v. Williams, 47 F.3d 993 (9th Cir. 1995). Suesue's drug conviction fits the elements for a career offender enhancement under USSG § 4B1.1. Nothing in §§ 4B1.1 and 2 supports Suesue's argument that the controlled substance must be of a certain amount or that the defendant's conviction include importing or exporting of the substance.

Suesue's 1998 conviction for burglary was properly counted towards the career offender enhancement. The documents certified by the Army Custodian of Records and presented by the government established the statute under which Suesue was convicted. See United States v. Matthews, 278 F.3d 880, 885 (9th Cir. 2002). The elements of burglary under Article 129 of the Uniform Code of Military Justice, for which Suesue was convicted, fit within the generic federal definition set forth in Taylor v. United States, 495 U.S. 575 (1990), so his burglary conviction is categorically a crime of violence under the sentencing guidelines.

The sentence imposed by the district court was reasonable.  The district court calculated the guideline range correctly, and then discussed, at length, the other § 3553(a) factors, ultimately sentencing Suesue at the low-end of the guideline range.  There was no abuse of discretion.  See United States v. Autery, 555 F.3d 864, 868 (9th Cir. 2009).

**AFFIRMED.**